BALAAM, Appellant, v. BALAAM, Respondent.

*No. 285. Argued June 1, 1971.—Decided June 25, 1971.*
(Also reported in 187 N. W. 2d 867.)

22

For the appellant there was a brief by *Eberhardt & McMurry* of Lake Mills, and oral argument by *Harold H. Eberhardt*.

For the respondent there was a brief by *Smith & Miller* of Jefferson, and oral argument by *Richard C. Smith*.

BEILFUSS, J. At the oral argument counsel for the plaintiff-husband conceded that the division of estate was within legal rules and that the division as made by the trial court did not reflect an abuse of discretion. This portion of the judgment is therefore affirmed and will not be discussed except to note that the parties owned no real estate and only a limited amount of personal property. The wife, who was awarded custody of the minor child, was rightfully given the household goods and furnishings, her personal effects, and her 1966 automobile. The husband received his 1961 automobile, the interest in life insurance policies, and a small investment fund account.

The issues to be considered as raised by the appeal of the plaintiff-husband are: (1) The amount of alimony and support money payments, and (2) the finding and order of contempt for failure to make alimony and support money payments.

The issue to be considered as raised by the appeal of the defendant-wife is the amount of attorney's fees awarded to her for the trial and for this appeal.

The plaintiff-husband contends the trial court erred in that it used the wrong basis to determine his earnings

or earning capacity, and that an award of $50 per week alimony and $22 per week support money, in view of his actual present earnings of $400 per month plus his board and room, was an abuse of discretion.

We start with the rule stated in *Jordan v. Jordan* (1969), 44 Wis. 2d 471, 474, 171 N. W. 2d 385:

"This court has often recognized that both the award of alimony and the division of property are within the peculiar discretion of the trial court. This discretion '. . . must prevail in the absence of some mistake or error respecting the facts upon which it rests which would amount to an abuse of discretion.' *Horel v. Horel* (1952), 260 Wis. 336, 340, 50 N. W. 2d 673; *Morris v. Morris* (1961), 13 Wis. 2d 92, 93, 108 N. W. 2d 124."

Alimony and support money are, as a generalization, fixed on the basis of the needs of the wife and children and the ability of the husband to pay. The needs of the wife are ordinarily determined by her assets and income, her earning capacity, age and health of herself and the children, her special needs and the special needs of the children, if any, and their customary station in life. The ability of the husband to pay is usually determined by his income, assets and debts, and his age and health.[1]

In this case the trial court found that the plaintiff-husband had an earning capacity of $725 per month. The evidence established that at the time of the trial he earned a gross salary of $400 per month, plus room and board furnished by his parents. The value of the room and board was calculated to be $175 per month. His wife had an earning capacity of $325 per month, but had custody of the child, then three years old, and was not employed at the time of the trial. The trial court found that the wife's expenses for herself and the child totaled $312 per month. At the trial the plaintiff testified that, in addition to his room and board, his monthly expenses were approximately $180 per month, including federal

---

[1] *Hirth v. Hirth* (1970), 48 Wis. 2d 491, 180 N. W. 2d 601.

and state income taxes, social security, automobile expenses, and insurance and medical insurance premiums.

The plaintiff-husband contends that the trial court erred in not using his income at the time of the trial as a basis for the award of alimony and support.

This court has held that the husband's ability to pay is determined at the time of the trial, subject to revision if his income decreases or increases.[2]

Sec. 247.26, Stats., provides for the payment of alimony and support out of the property and income of the husband. The plaintiff argues this statute requires that the trial court award support and alimony out of existing property and current income of the husband, and not out of past or average income.

In *Knutson v. Knutson* (1961), 15 Wis. 2d 115, 111 N. W. 2d 905, the court allowed alimony to be determined on the basis of the husband's earning capacity or future earnings. In that case the husband earned $46,000 as a practicing physician the year prior to the divorce. He then left the state and took employment earning $400 per month. The trial court found that he willfully left his practice in Wisconsin for the express purpose of decreasing his earnings in order to attempt to prevent the plaintiff from obtaining a substantial allowance for alimony. The court stated at pages 117, 118:

". . . In such a situation, a court is not required to determine alimony on the basis of the husband's present income. In a proper case the amount of alimony may be based upon earning capacity or prospective earnings. *Gordon v. Gordon* (1955), 270 Wis. 332, 346, 71 N. W. (2d) 386. We approve of the holding of the Pennsylvania superior court in *Appleton v. Appleton* (1959), 191 Pa. Super. 95, 100, 155 Atl. (2d) 394, 396, when it stated: 'This appellee cannot wilfully now choose to retire from gainful employment and deny his wife the alimony it is his duty to attempt to supply.' "

---

[2] *Jordan v. Jordan, supra,* at page 475.

In this case the evidence shows that the plaintiff's parents own and operate a substantial mink ranch in the vicinity of Lake Mills. As a high school and college student the plaintiff had worked on the mink ranch during off hours and vacations for several years. He completed three and one-half years of college, working toward a degree in sociology. He did not graduate and has no special skills acquired in college. He quit college to work on his father's mink ranch.

The plaintiff-husband was paid $725 per month in 1968. His salary for the first nine and one-half months of 1969 was $600 per month, plus the use of a two-bedroom dwelling with a rental value of $75 per month. The parties separated on October 1, 1969. On October 15, 1969, the plaintiff's salary was reduced to $400 per month. The testimony was uncontradicted that the plaintiff's salary was not reduced for the purpose of decreasing his ability to pay alimony and support money. The evidence established that the mink business throughout the United States was experiencing a recession in 1969. The Balaams' mink business deteriorated in 1969, with some mink pelts which cost $13 to raise selling for $6. The Balaam mink business was faced with an annual operating loss of $20,000. The number of employees was reduced in 1969, with the plaintiff, his father and brother doing the work previously done by five men. Both the plaintiff and his brother received wages of $400 per month after October 15, 1969. The plaintiff's parents were both employed in the mink enterprise and had a joint income of $5,500 in 1969, and were unable to pay the plaintiff more than his current rate.

Where the husband's income has been reduced at the time of the trial for valid business or other reasons, and there is no evidence that the reduction of income was for the purpose of decreasing an award of alimony and support, it has been held that the measure of the hus-

band's ability to pay is his earnings at the time the award of alimony and support is sought.[3]

A divorced husband should be allowed a fair choice of a means of livelihood and to pursue what he honestly feels are his best opportunities even though he might for the present, at least, be working for a lesser financial return. This rule is, of course, subject to reasonableness commensurate with his obligations to his children and his former wife. We adopt the language of the North Carolina court as set forth in *Conrad v. Conrad, supra:* [4]

"The award should be based on the amount which defendant is earning when alimony is sought and the award made, if the husband is honestly engaged in a business to which he is properly adapted and is in fact seeking to operate his business profitably. . . .

"To base an award on capacity to earn rather than actual earnings, there should be a finding based on evidence that the husband was failing to exercise his capacity to earn because of a disregard of his marital obligation to provide reasonable support for his wife. . . .

"If the court was of the opinion that it could use as the basis for the award earnings made in some preceding year rather than current earnings, it applied the wrong yardstick. If the award is based on current earnings, there is no evidence to support it. . . . Plaintiff is entitled to a fair and reasonable allowance for her support and for counsel fees based on defendant's current earnings. If they are to exceed that sum, there should be specific findings that defendant is not fairly and diligently conducting the business which he has selected as appropriate to earn a livelihood for himself and his wife."

In this case there is no finding that the plaintiff is not fairly or diligently working at the occupation which he

[3] *Pet v. Pet* (1965), 238 Md. 492, 209 Atl. 2d 572; *Conrad v. Conrad* (1960), 252 N. C. 412, 113 S. E. 2d 912; *Smith v. Smith* (1951), 218 Ark. 228, 235 S. W. 2d 886.

[4] *Id.* at page 418.

is best suited for, nor that he is willfully accepting employment and resultant lower compensation for the purpose of reducing his ability to pay alimony and support money. Further, our review of the record reveals that the evidence would not support such a finding if made.

It is our opinion that the trial court abused its discretion in fixing alimony at $50 per week and support money at $22 per week, and that that part of the judgment must be modified. The court is of the further opinion that an award of $40 per week for alimony and $20 per week for support money is fair and reasonable under the facts of the case and the present circumstances of the parties, and orders the judgment to be amended accordingly. The amendment or modification to be effective as of June 1, 1970.

The plaintiff also contends that it was error for the court to find him in contempt for arrearages in the payment of alimony and support. We have held that a person may be held in contempt of court for failure to pay money only where the failure to pay is willful and not the result of his inability to pay.

". . . it has long been settled in Wisconsin that a person cannot be held in contempt of court for the failure to pay money unless the refusal is willful and contemptuous and not a result of his inability to pay. This was so held in a divorce case in which we said, 'Imprisonment [on contempt] should not be ordered when it is made to appear that the default is the result of an inability to pay.' *Howard v. Howard* (1955), 269 Wis. 334, 337, 69 N. W. 2d 493. *See also: Staples v. Staples* (1894), 87 Wis. 592, 596, 58 N. W. 1036; and *Warren v. Rosenberg* (1896), 94 Wis. 523, 69 N. W. 339. The essential finding in such a contempt must be that the defendant is able to pay or should be able to pay if he can work and will not and the refusal to pay is willful and with intent to avoid payment. 2 Nelson, *Divorce and Annulment* (2d ed.), p. 421, sec. 16.20; *In re Adam's Rib, Inc. (Kaminsky)* (1968), 39 Wis. 2d 741, 159 N. W. 2d 643.

". . . The whole purpose of the hearing is to determine the ability to pay and the reason for the failure to pay the amount of money ordered. . . ." *O'Connor v. O'Connor* (1970), 48 Wis. 2d 535, 542, 543, 180 N. W. 2d 735.

In a contempt proceeding the burden of proof is on the person against whom the contempt is charged to show his conduct was not contemptuous. *In re Adam's Rib, Inc. (Kaminsky)* (1968), 39 Wis. 2d 741, 159 N. W. 2d 643.

The plaintiff failed to pay $60 due for temporary alimony and support on May 18, 1970, pursuant to the order of the family court commissioner. The order of temporary alimony and support provided for payment "until the further order of the court." The plaintiff testified that he received a copy of the May 15, 1970, memorandum decision of the trial court in the divorce proceeding shortly after it was rendered. That decision provided for payment of alimony and support, effective June 1, 1970. The plaintiff testified that he did not make the payment due on May 18th because when he read the decision of the court he thought his next payment was due June 1, 1970. As to that payment there was no evidence of the plaintiff's inability to pay, but according to the plaintiff's testimony it was due to a misunderstanding rather than a willful and contemptuous failure to pay.

The plaintiff also failed to pay $10 of the $60 due on May 25, 1970, and $22 of the $72 due on June 1, 1970. He testified that prior to June 1, 1970, he had $60 in his checking account and of that amount he paid $50 to the clerk of court for temporary alimony and support. He also testified that he was paid $200 on June 1, 1970, and that he had current obligations of $194. His further testimony was that he had borrowed $900 to pay the temporary alimony and support and could not borrow any more. This testimony, while challenged to some degree, is without substantial dispute.

The trial court found the plaintiff in contempt and it does appear that he was in default of the payments ordered in the amount of $92 as of June 8, 1970. However, there was no finding that the failure to pay was willful, nor a finding as to his ability to pay. This court therefore directs the order finding the plaintiff in contempt of court as of June 8, 1970, for failure to comply with the order of the court be set aside.

It appears from the stay of execution ordered by the trial court that plaintiff has not been confined because of the contempt finding and the stay was conditioned upon the plaintiff's paying $50 per week for alimony and support money pending this appeal. Upon remand the trial court should determine the delinquencies, if any, in support and alimony payments in view of the modification provided for herein and from any past delinquencies, and order payment in such amount and at such times as it deems fair and reasonable.

The trial court required the plaintiff-husband to contribute $250 toward his wife's attorney's fees arising from the proceedings in the trial court, and $700 toward her attorney's fees for this appeal. The defendant-wife contends that the court abused its discretion in ordering only a partial payment of her attorney's fees since the evidence showed that due to her limited financial circumstances she was unable to pay her attorney.

In ordering a contribution toward attorney's fees, the court must consider both the needs of the wife and the ability of the husband to pay.

". . . The test as to whether any such contribution can be ordered, and in what amount, is exactly the same as for alimony payments: (1) The need of the wife; and (2) the ability to pay of the husband. In Wisconsin, it is when, and only when, the needs of the wife require and the ability to pay of the husband permits that a husband may be required to contribute to the cost of legal services performed on behalf of his wife. *Dees v. Dees* (1969), 41 Wis. 2d 435, 164 N. W. 2d 282. . . . Where the

wife is able to pay her own attorney out of income or assets, or where the husband does not have the ability to pay such contribution, there is no basis in law or in equity for requiring a husband to contribute towards payment of a fee owed by his wife to her counsel." *Hirth v. Hirth, supra,* at page 497.

From the relevant facts as they appear in the record, we find no abuse of discretion either as to the award of attorney's fees in the judgment for the trial of the action nor in the order for costs and attorney's fees for this appeal.

*By the Court.*—Judgment and orders affirmed in part, modified and affirmed in part, and reversed in part, all consistent with the opinion. No costs to be taxed.

CONNOR T. HANSEN, J., took no part.