IN RE the MARRIAGE OF Beverlee DENNIS and
David Dennis: David DENNIS, Appellant,†

v.

STATE of Wisconsin,¹ Respondent.

Court of Appeals

*No. 81–2033. Submitted on briefs July 26, 1982.—*
*Decided December 28, 1982.*
(Also reported in 329 N.W.2d 272.)

For the appellant the cause was submitted on the briefs
of *Cwayna, Novitzke, Byrnes, Gust & Williams* and *David
M. Erspamer* of Amery.

† Petition to review granted. CECI, Jr., took no part.
¹ The respondent is the State of Wisconsin, rather than Beverlee
Dennis, because Beverlee is receiving AFDC and the state is the
real party in interest. Section 767.075, Stats.

For the respondent there was a brief by *Arthur Thexton,* Barron County assistant district attorney, of Barron.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   David Dennis appeals a judgment holding him in contempt of court orders that required him to pay child support and to look for additional or alternative employment. He claims that the court did not have the authority to order him to look for other work and could not hold him in contempt when he did not have the financial ability to comply with the orders.[2] Because the court had the inherent power to order Dennis to look for other work and because the evidence is sufficient to support the court's contempt judgment, we affirm.

At the divorce hearing in March, 1981, the court found that Dennis, who had been a self-employed mechanic for ten years, had never earned more than $3,500 per year. This income did not allow Dennis to reasonably support his children, and the court therefore ordered Dennis to look for additional or alternative employment. The court also ordered Dennis to pay $15 per month for the support of his three children, plus $5 per month toward his support arrearage.[3]

---

[2] Dennis additionally argues that he was denied due process because the hearing notice he received did not advise him that the state sought to hold him in contempt for his failure to pay child support. Dennis thought the purpose of the hearing was to require him to demonstrate compliance with the seek-work order. By his failure to timely raise this objection, Dennis waived any objection to the notice. *See Dairyland Equip. Leasing, Inc. v. Bohen,* 94 Wis. 2d 600, 605–06, 288 N.W.2d 852, 854 (1980).

[3] Dennis claims that the court could not retain jurisdiction while it effected a change of circumstances that would permit an increase in the support order. The court's statement that it reserved jurisdiction over the matter of child support is nothing

Following the divorce, the court reviewed its support and seek-work orders several times and, at a hearing held seven months after the divorce, the court held Dennis in contempt for failing to pay child support and to seek other work. Up to this time, Dennis had paid only $175 toward child support in 1979, only $80 in 1980, and nothing through September of 1981. The court sentenced Dennis to sixty days in jail with Huber privileges and allowed Dennis to purge his contempt by paying $800, the amount of the arrearage.

The court had the inherent power to order Dennis to look for other work. An inherent court power is a power without which a court cannot properly function. *State v. Braunsdorf*, 98 Wis. 2d 569, 580, 297 N.W.2d 808, 813 (1980). A court cannot properly function in a divorce action if it cannot require a divorced parent to make a reasonable effort to support his or her children. If the court could not require Dennis to at least look for alternative or additional employment, it was powerless to require Dennis to make a reasonable effort to support his children. Although the court must allow Dennis a fair choice of a job, Dennis' choice is subject to reasonableness commensurate with his responsibility to support his children. *See Edwards v. Edwards*, 97 Wis. 2d 111, 118, 293 N.W.2d 160, 164 (1980) ; *Balaam v. Balaam*, 52 Wis. 2d 20, 28, 187 N.W.2d 867, 871 (1971).

If this court is to give any credence to its belief that the Dennises, rather than the taxpayers, have the primary duty to support the Dennis children, it cannot

more than a statement of its continuing jurisdiction. *See Krause v. Krause*, 58 Wis. 2d 499, 508, 206 N.W.2d 589, 594 (1973) ; § 767.32(1), Stats. *Whitwam v. Whitwam*, 87 Wis. 2d 22, 273 N.W.2d 366 (Ct. App. 1978), does not require a different result because the court here has not ordered Dennis to pay for public assistance received by his children before the divorce, and it has not imposed liability for prospective public assistance.

sanction Dennis' continuing waste of his skills on a business at which he has earned less than $3,500 per year for the past ten years. Dennis admitted at the contempt hearing that his business would probably not improve. He has clearly had his fair choice of a job. He cannot now credibly contend that his best opportunity is to continue to run a business that he has proven is not successful.

Not only did the court have the power to order Dennis to look for other work, it could also reasonably hold Dennis in contempt of the seek-work and support orders. Dennis was in contempt of the orders if his refusal to comply with the orders was willful. *See Balaam,* 52 Wis. 2d at 29, 187 N.W.2d at 872. Although the trial court did not make the requisite factual findings, remand would be futile because the decisive factor in the court's decision was Dennis' credibility. *See Perrenoud v. Perrenoud,* 82 Wis. 2d 36, 43, 260 N.W.2d 658, 661 (1978). This court will therefore independently review the record[4] and will affirm the judgment if it is adequately supported by the evidence.

The court could reasonably infer from the record that Dennis' contempt was willful because he has undisclosed income that he could have contributed to his children's support. Although Dennis claims that he could not afford to pay the minimal support the court ordered him to pay, or to buy gasoline to drive to places where he could apply for jobs, he works full-time, six days a week, and is "sliding by." He has monthly expenses of $465 just

[4] Although this appeal arises out of a family law or domestic relations action, it no longer presents a family law or domestic relations issue that would generally require remand for further findings. *See Minguey v. Brookens,* 100 Wis. 2d 681, 688, 303 N.W.2d 581, 584 (1981). Dennis does not challenge the amount of support; he instead challenges the court's finding of contempt.

for food, mortgage, and gas. He meets these expenses, and his other expenses, with income of $300 per month. He therefore spends a minimum of $165 per month more than he earns, yet he offered no evidence of increasing debts. This testimony is incredible and leads to the inescapable conclusion that Dennis has undisclosed income. This conclusion is further supported by Dennis' desire to continue in a job that for ten years has ostensibly produced an income insufficient for his own reasonable support.

Additionally, Dennis had enough money to buy a season golf pass.[5] Although Dennis testified that he borrowed the approximately $100 to pay for the pass and repaid the loan by working on a car for the lender, this was money that any responsible parent would have used for the support of his or her children. One Hundred Dollars would have paid five months support. Even this amount of support would have been better than none at all. Clearly Dennis could have complied at least in part with the court's support order had he wanted to do so.

The evidence is also sufficient to prove that Dennis has the ability to purge his contempt.[6] Dennis has equity in a lot and mobile home. Seven months before the contempt hearing, the value of the lot and home was about $5,500, and it was encumbered only in the amount of $684. Dennis then borrowed an additional $2,000 against

---

[5] The trial judge saw Dennis golfing. The judge made this observation a part of the record and stated that it did not affect his decision and that it was Dennis' privilege to golf. This fortuitous and unavoidable extrajudicial observation does not require trial judge disqualification. *See Ausman v. Ausman,* 31 Wis. 2d 79, 86, 141 N.W.2d 869, 873 (1966).

[6] Dennis' failure to comply with the court's orders constituted a continuing contempt to which a remedial sanction applies. Section 785.01(3), Stats. *See Schroeder v. Schroeder,* 100 Wis. 2d 625, 637, 302 N.W.2d 475, 481–82 (1981).

the property to pay the cash settlement he stipulated to in the divorce proceeding. He also owns a 1973 truck. The equity in these assets is available to Dennis to permit him to pay the $800 and to purge his contempt.

*By the Court.*—Judgment affirmed.