141 Wis.2d 838 (1987)
416 N.W.2d 632
IN the MATTER OF the FINDING OF CONTEMPT IN the INTEREST OF T.J.N., a Person Under the Age of Eighteen: T.J.N., Appellant,
v.
WINNEBAGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.[]
Nos. 87-0592, 87-0893.
Court of Appeals of Wisconsin.
Submitted on briefs September 23, 1987.
Decided October 7, 1987.
*839 On behalf of the appellant, the cause was submitted on the briefs of Jack E. Schairer, assistant public defender, and Colleen Hurley, assistant public defender.
On behalf of the respondent, the cause was submitted on the briefs of John A. Bodnar, assistant corporation counsel for Winnebago county.
Before Scott, C.J., Brown, P.J., and Nettesheim, J.
SCOTT, C.J.
T.J.N. appeals from two orders finding her in contempt of court for willfully violating a court order requiring her to attend school.[1] The *840 appeals were consolidated by order of this court. T.J.N. challenges the first order on the grounds that the requirements of sec. 118.16(5), Stats., were not met; specifically, no evidence regarding curriculum modifications, learning problems or social problems was presented prior to the contempt finding.[2] The second appeal challenges a contempt order alleged to be punitive because it could be purged only upon T.J.N. "attending school on a regular basis." T.J.N. seeks reversal because due process rights were not afforded her prior to the imposition of punitive sanctions.
We conclude that compliance with sec. 118.16(5), Stats., is required in a contempt action based on truancy from school, necessitating reversal of the first order. In addition, the second order appealed from is deemed punitive and requires reversal because T.J.N. was denied due process.
T.J.N. had been adjudicated a child in need of protection or services (CHIPS) pursuant to sec. 48.13(4), Stats., because her mother was unable to care for her. The court ordered T.J.N. to abide by certain rules, including punctual and continual attendance at school.
Subsequently, the Winnebago County Department of Social Services filed a motion alleging that T.J.N. was not complying with the rules and asking that she be found in contempt. A hearing was held, *841 and on February 26, 1987, T.J.N. was found in contempt.
T.J.N. contends that the trial court erred in not complying with sec. 118.16(5), Stats. This section states:
(5) Prior to any proceeding being brought against a child under s. 48.13(6) or against the child's parent or guardian under s. 118.15, the school attendance officer shall provide evidence that appropriate school personnel in the school or school district in which the child is enrolled have, within the school year during which the truancy occurred:
(a) Met with the child's parent or guardian to discuss the child's truancy or have attempted to meet with the child's parent or guardian and been refused.
(b) Provided an opportunity for educational counseling to the child to determine whether a change in the child's curriculum would resolve the child's truancy and have considered curriculum modifications under s. 118.15(1)(d).
(c) Evaluated the child to determine whether learning problems may be a cause of the child's truancy and, if so, have taken steps to overcome the learning problems.
(d) Conducted an evaluation to determine whether social problems may be a cause of the child's truancy and, if so, have taken appropriate action or made appropriate referrals.
Although the school attendance officer testified that T.J.N.'s mother had spoken with him and other school officials, the record is silent as to the evidence mandated by sec. 118.16(5)(b)-(d), Stats. In fact, after testimony was completed, the assistant corporation counsel offered, during argument, to allow T.J.N.'s *842 attorney to question the attendance officer on those points. The trial judge refused, finding the proffered testimony irrelevant.
Initially, we note that sec. 118.16(5), Stats., seems inapplicable on its face, as this is neither a CHIPS proceeding under sec. 48.13(6), Stats., nor an action against the parents under sec. 118.15, Stats. However, in In re D.L.D., 110 Wis. 2d 168, 327 N.W.2d 682 (1983), the court stated:
[T]he record fails to reflect any attempt to resolve D.L.D.'s truancy difficulties through the express statutory provisions of sec. 118.16(5), Stats., or that the court considered these requirements in determining whether D.L.D. was in need of protection or services of the court. The lower court should have considered such evidence prior to adjudging D.L.D. a CHIPS and during the contempt proceedings.

Id. at 184, 327 N.W.2d at 690 (emphasis added).
We read this case as requiring the trial court to consider evidence under sec. 118.16(5), Stats., not only prior to a CHIPS determination, but also prior to entering a finding of contempt based on truancy from school.
The department's position is that the burden was on T.J.N. to elicit this testimony.[3] As support, the department cites Balaam v. Balaam, 52 Wis. 2d 20, 30, 187 N.W.2d 867, 872 (1971), for the proposition that the burden of proof in a contempt proceeding is on the alleged contemnor to show that the conduct was not contemptuous.
*843 [1]
T.J.N. did not challenge the contemptuous nature of her conduct. Had she done so, Balaam would have placed the burden on her. Here, she challenged the court's authority to find her in contempt without first hearing testimony on sec. 118.16(5), Stats. The court's interpretation of sec. 118.16(5) in D.L.D. requires the testimony as a prerequisite to a finding of contempt. Without this evidence, the court lacked authority to find T.J.N. in contempt. Therefore, the order of February 26, 1987, must be reversed.
The second order on appeal was entered on March 30, 1987, following a hearing that same day. The hearing was held pursuant to sec. 48.209(1)(e), Stats., requiring a status review every three days if a child is being held in a county jail utilized as a secure detention facility. The court ordered T.J.N. to be held in secure detention as a "remedial sanction" with an opportunity to purge the contempt by "attending school on a regular basis."[4] T.J.N. was given Huber release privileges to allow her to attend school.
[2]
It has often been said that contempt is remedial when the contemnor holds the key to the jail in his or her pocket. See Schroeder v. Schroeder, 100 Wis. 2d 625, 637, 302 N.W.2d 475, 481 (1981). The order here envisioned that T.J.N. would go to school, return to secure detention, return to school and repeat until the trial court was satisfied that T.J.N. is "attending school on a regular basis." For an unspecified length of time, T.J.N. could be in full compliance with the *844 rules of supervision and still be held in secure detention.[5] T.J.N. would have been held in secure detention for a substantial period of time before she would be able to purge herself. This amounts to a punitive sanction.
We recognize that our supreme court has stated that contempt based on truancy has both a remedial and punitive purpose. D.L.D., 110 Wis. 2d at 179, 327 N.W.2d at 688. In D.L.D., the court held that the primary purpose of the order was remedial, id., despite the fact that it could only be purged by thirty days of school attendance, id. at 171, 327 N.W.2d at 684. There is no indication in D.L.D. that the child was to be held in secure detention during the nonschool hours of those thirty days. D.L.D. apparently would not have spent time in secure detention provided she complied with the court order. Here, the contempt order requires T.J.N. to be held in secure detention while she is purging the contempt.
[3]
Because the sanction was punitive, T.J.N. was entitled to due process. See State v. King, 82 Wis. 2d 124, 131, 262 N.W.2d 80, 83 (1978). The absence of due process is not disputed; therefore, the order must be reversed. See In re B.L.P., 118 Wis. 2d 33, 41, 345 N.W.2d 510, 514-15 (Ct. App. 1984).
After reviewing the record and its numerous contempt orders, we understand the frustration of the trial court. T.J.N. has frequently stated she will go to school, only to willfully disobey the court's order soon *845 after release. If the trial court believes that a punitive sanction is appropriate, that option is open by using the proper avenues, i.e., requesting the district attorney to file a complaint. B.L.P., 118 Wis. 2d at 43, 345 N.W.2d at 516.
The order of February 26 is reversed for failure to comply with sec. 118.16(5), Stats., and In re D.L.D. The order of March 30 is reversed because it imposed punitive sanctions without the benefit of due process.
By the Court.Orders reversed.
NOTES
[] Petition to review denied.
[1] It is unclear from the record whether the first appeal has been rendered moot by subsequent contempt orders. However, in the interest of providing guidance to the trial court, we will address the issues raised by the first appeal. See In re G.S., 118 Wis. 2d 803, 805, 348 N.W.2d 181, 182-83 (1984).
[2] T.J.N. also raises an issue regarding consideration of alternatives to contempt as a prerequisite to a finding of contempt. Because we reverse on other grounds, we do not address this issue. We note, however, the language of In re D.L.D., 110 Wis. 2d 168, 186, 327 N.W.2d 682, 691 (1983), which requires "consideration of alternative dispositions ... prior to any contempt finding."
[3] This argument is weak on this record, as the transcript shows that regardless of who would have offered the testimony, the court would have excluded it as irrelevant.
[4] At the hearing, the judge had indicated that T.J.N. could purge by attending all classes for three days, prior to the next review hearing.
[5] Even if the order had been conformed to the court's statement at the hearing, i.e., allowing a purge after three days of school, the order still contemplated that T.J.N. would spend the nonschool hours in secure detention.