IN RE the MARRIAGE OF: Richard R. ROELLIG, Sr., Petitioner-Respondent,

v.

Marilyn ROELLIG, Appellant.

Court of Appeals

*No. 88–0714. Submitted on briefs June 13, 1988.—Decided September 28, 1988.*

(Also reported in 431 N.W.2d 759.)

For the appellant the cause was submitted on the briefs of *Fred D. Hollenbeck* and *Curran, Curran & Hollenbeck, S.C.,* of Mauston.

■■■■■■■

■■■■■■■

For the petitioner-respondent the cause was submitted on the brief of *Dennis C. Schuh* and *Thompson and Schuh,* of Mauston.

Before Dykman, Eich and Sundby, JJ.

SUNDBY, J. On this appeal from an order amending a divorce judgment under sec. 767.32(1), Stats., we decide that where the payer spouse's child support and maintenance obligations are determined by his earning capacity and not his actual earnings, he may show a substantial or material change in his circumstances only by establishing a change in his earning capacity. We also conclude that the trial court did not abuse its discretion in denying Marilyn Roellig's motion for an order finding her former husband, Richard, in contempt and for sanctions. We therefore reverse that part of the order which modifies child support and maintenance and affirm that part which denies Marilyn's motion.

## I.

## BACKGROUND

The parties were divorced July 17, 1987. Richard voluntarily terminated his employment as of the date of trial. He was ordered to pay child support based on his pre-trial gross annual income of $38,600. Marilyn was awarded temporary maintenance of $200 per month for five years beginning September 1, 1987.

In a motion filed February 10, 1988, Marilyn moved the court for an order finding Richard in contempt of court and for remedial sanctions for his failure to pay child support and maintenance. Richard was in arrears $738.16 in child support and $1,200 in maintenance. He promptly moved the court for an

order to revise the divorce judgment to reduce child support and maintenance.

On April 4, 1988, the trial court filed an order amending the divorce judgment to reduce child support and to postpone maintenance until such time as Richard's responsibility for child support ceases. The order also provided for payment of the arrears and denied Marilyn's motion for remedial sanctions.

## II.

## STANDARD OF REVIEW

"The determination of child support rests within the sound discretion of the trial court and will not be overturned unless the trial court abuses its discretion." *Edwards v. Edwards,* 97 Wis. 2d 111, 116, 293 N.W.2d 160, 163 (1980). The award of maintenance is within the discretion of the trial court. *Bahr v. Bahr,* 107 Wis. 2d 72, 77, 318 N.W.2d 391, 395 (1982).

We therefore review the determinations of the trial court for abuse of discretion. "Abuse of discretion does not necessarily mean ulterior motive, arbitrary conduct, or wilful disregard of the rights of a litigant, but it may mean a failure to apply principles of law applicable to a situation if prejudice results." *Meier v. Purdun,* 70 Wis. 2d 1100, 1106 n. 16, 236 N.W.2d 262, 265 (1975) (quoting *Endeavor-Oxford Union F. H. S. Dist. v. Walters,* 270 Wis. 561, 569, 72 N.W.2d 535, 539 (1955)).

In general, we will sustain the trial court's exercise of discretion if it has been completely exercised, the facts support its decision and we find that it

applied the correct legal standard. *Oostburg Bank v. United Savings*, 130 Wis. 2d 4, 11–12, 386 N.W.2d 53, 57 (1986).

## III.

## CHANGED CIRCUMSTANCES

■ The trial court may modify the provisions of a divorce judgment relating to maintenance and support "where there has been a substantial or material change in the circumstances of the parties or the children." *Anderson v. Anderson*, 72 Wis. 2d 631, 649, 242 N.W.2d 165, 174 (1976).

The trial court found that there had been a change in Richard's circumstances justifying a reduction in support and postponement of maintenance. The trial court stated:

> Now as to the petition for modification, the cases I think support a finding by the court at this time that maintenance may be modified, support be modified when there is a substantial change in the parties['] financial circumstances, and although there was no reason other than a statement that it was for personal reasons, that [Richard] had terminated his $38,000 [sic] per year employment, nevertheless he had terminated it and the evidence was that he had sought other employment and in fact was reemployed at about half as much as he was previously making. I conclude that that is a change in circumstances, and on that basis the petitioner, ... is entitled to a modification order because there was a substantial change ....

The court did not consider whether Marilyn's circumstances had changed and, if so, whether that change would support a modification of child support or maintenance, or both. We decline to make such findings. *See Termination of Parental Rights to T.R.M.,* 100 Wis. 2d 681, 689, 303 N.W.2d 581, 584 (1981) (an examination of the record seldom is adequate to make the necessary factual determinations that are part of family law or domestic relations controversies).

The general rule is that the level of child support must be established according to the needs of the custodial parent and children and the ability of the noncustodial parent to pay. *Edwards,* 97 Wis. 2d at 116, 293 N.W.2d at 163. The amount of the maintenance award is not at issue but only the postponement of payment.

The general rule as to the level of child support is subject to a "shirking" exception. The "shirking" exception applies equally to maintenance awards. *See Edwards,* 97 Wis. 2d at 118–19, 293 Wis. 2d at 164–65 (quoting *Balaam v. Balaam,* 52 Wis. 2d 20, 28, 187 N.W.2d 867, 871–872 (1971)). Where the exception applies it is proper to examine the noncustodial parent's earning capacity. *Edwards,* 97 Wis. 2d at 118, 293 N.W.2d at 164. The *Edwards* court stated that:

> A divorced husband should be allowed a fair choice of a means of livelihood and to pursue what he honestly feels are his best opportunities even though he might for the present, at least, be working for a lesser financial return. This rule is, of course, subject to reasonableness commensurate with his obligations to his children and his former

wife. We adopt the language of the North Carolina court as set forth in *Conrad v. Conrad*, [252 N.C. 412, 418, 113 S.E.2d 912, 916 (1960)]:

> The award should be based on the amount which defendant is earning when alimony is sought and the award made, if the husband is honestly engaged in a business to which he is properly adapted and is in fact seeking to operate his business profitably. ...
>
> *To base an award on capacity to earn rather than actual earnings, there should be a finding based on evidence that the husband was failing to exercise his capacity to earn because of a disregard of his marital obligation to provide reasonable support for his wife. ...*
>
> ... If they are to exceed [the amount justified by actual earnings], there should be specific findings that defendant is not fairly and diligently conducting the business which he has selected as appropriate to earn a livelihood for himself and his wife.

*Edwards*, 97 Wis. 2d at 118–19, 293 N.W.2d at 164–65 (quoting *Balaam*, 52 Wis. 2d at 28, 187 N.W.2d at 871–72) (emphasis added).

In his trial brief, Richard agreed to child support based on his pre-trial income. Nonetheless, the court in its memorandum decision made what we conclude is a "shirking" determination:

> The petitioner [Richard] quit a $38,500 [sic] per year job for "personal reasons," effective the date of the divorce. Though he testified that his quitting was not related to an attempt to avoid the

financial responsibility for the support of his family, nevertheless, he has *by an apparent disregard for the financial security of the family,* left a good-paying job and is seeking employment in a new field with no apparent, immediate prospect of earning a similar wage. His training, partly acquired during the marriage, is in the field of education.

The respondent has substantial current financial needs because of the probable need to relocate, to obtain further training and to maintain herself and the children. The property division results only in a nominal amount of property passing to her, none of it income producing. The petitioner should not be permitted, under all of the circumstances, to avoid sharing in these expenses. [Emphasis added.]

The court's finding tracks in all pertinent respects the statement of the Wisconsin Supreme Court adopted in *Balaam* from the North Carolina court. Richard did not appeal that finding and it is the law of the case.

We conclude that because the trial court's "shirking" determination is the law of the case, in order to obtain a modification of child support and maintenance based on his inability to pay Richard was required to show a substantial change in his earning capacity. Richard may show a change in his earning capacity by establishing that, despite his good-faith efforts, he is unable to obtain employment in the field for which he is best suited, or that it is inimical to his well-being to be employed in that field. He has the burden to show a substantial change in his earning capacity. *See Poehnelt v. Poehnelt,* 94 Wis. 2d 640, 647, 289 N.W.2d 296, 300 (1980) (The burden of proof to

659

show that a modification of a divorce judgment is justified is on the party seeking to alter the provisions of the judgment.). Richard has not carried his burden. The suggestions we have made as to how he may meet his burden are not exclusive nor do we foreclose him, upon a subsequent motion, from showing changed circumstances, which may include his personal reasons for terminating his employment, if those reasons are relevant. Because the trial court did not require Richard on his present motion to show a substantial change in his earning capacity, it applied an erroneous principle of law to his motion. It therefore abused its discretion.

## IV.

## CONTEMPT

Richard's arrears in child support and maintenance are undisputed. The trial court denied Marilyn's motion to find Richard in contempt and for remedial sanctions. A person may be held in contempt of court for failure to pay money only where the failure to pay is willful and not the result of an inability to pay. *Balaam,* 52 Wis. 2d at 29, 187 N.W.2d at 872. We conclude that the trial court's finding that Richard's reduced income "has resulted in financial problems that make it difficult, if not impossible for [Richard] to pay both support and maintenance" is a sufficient finding of Richard's inability to pay. We therefore conclude that the trial court did not abuse its discretion in denying Marilyn's motion to find Richard in contempt and for remedial sanctions.

660

It may appear inconsistent to sustain for contempt purposes the trial court's finding that Richard does not have the ability to pay child support and maintenance as ordered in the judgment but deny him the right to have the judgment amended to reduce those obligations. While ability to pay must be found to sustain a contempt finding, *Balaam* 52 Wis. 2d at 29, 187 N.W.2d at 872, it is not the factor which determines child support and maintenance when the payer spouse is failing to exercise his or her capacity to earn because of a disregard of marital obligations.

*By the Court.*—Order reversed in part, affirmed in part.