PARK 6 LLC and Thomas J. Holmes, d/b/a Park 6,
Plaintiffs-Respondents,

v.

CITY OF RACINE, City of Racine Common Council,
City of Racine Public Safety and Licensing
Committee and KurtWahlen,
Defendants-Appellants.

Court of Appeals

*No. 2011AP2282. Submitted on briefs August 13, 2012.
—Decided October 10, 2012.*

2012 WI App 123

(Also reported in 824 N.W.2d 903.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Kenneth E. Rusch* and *Mark R. Hinkston* of *Dye, Foley, Krohn & Shannon, S.C.* of Racine.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Vincent J. Bobot* of Milwaukee.

¶ 1. BROWN, C.J.   This case is about a liquor license revocation in which the city council acted upon a citizen complaint that was not sworn, as required by statute. This constituted a fundamental error that deprived the licensing committee of jurisdiction over the matter. Therefore, the subsequent revocation of the liquor license was invalid. We affirm the circuit court's order vacating the licensing committee's decision to revoke the liquor license.

¶ 2. Kurt Wahlen, chief of police in the City of Racine, initiated liquor license revocation proceedings against Thomas Holmes, d/b/a Park 6 and registered agent for Park 6, LLC, with a citizen's complaint. The complaint was not "sworn," as required by WIS. STAT. § 125.12(2)(ag) (2009–10).[1] Wahlen, "as a resident of the Municipality of the city of Racine," alleged in his complaint that Holmes's operation of Park 6 constituted a "disorderly or riotous, indecent or improper house," and "created undesirable neighborhood problems" in violation of state statutes and municipal ordinances. The complaint formally presented the matter to the city clerk for issuance of a summons and to proceed to a due process hearing for a determination of whether Holmes's liquor license should be suspended or revoked. The Public Safety and Licensing Committee held a hearing, after which it recommended to the Common Council that Holmes's license be revoked. The Council voted to revoke Holmes's license.

¶ 3. Holmes petitioned the circuit court for judicial review of the Council's decision, alleging that the City, Council, and Committee failed to act according to law when they acted upon an unsworn written complaint, that the City, Council, and Committee violated Holmes's due process rights by retaining a special prosecutor to draft a complaint and act as legal counsel for Wahlen, and that the City failed to act according to law by providing Wahlen with nonpublic information. The City, Council, Committee, and Wahlen[2] moved the circuit court for confirmation of the decision to revoke;

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

[2] The defendants-appellants are sometimes referred to collectively as the City.

Holmes moved to vacate the Council's decision. The circuit court found that the complaint was not properly sworn, that the improper swearing deprived the Committee of jurisdiction over the due process hearing, and that the improper swearing was a fundamental error that deprived Holmes of due process. The circuit court denied the City's motion for confirmation of the revocation decision and vacated the Committee's decision, as adopted by the Council. The City appeals.

■

¶ 4. The sole issue on appeal is the effect of Wahlen's failure to swear to the complaint that initiated the license revocation procedure.[3] WISCONSIN STAT. § 125.12(2) allows any resident of a municipality to file a "sworn written complaint" alleging grounds for revocation or suspension of a liquor license. Wahlen testified at the due process hearing that he "signed the complaint as true and valid" but that he could not recall "swearing to it." The ultimate question is whether this defect was a fundamental error that deprived the Committee of jurisdiction or a technical defect that could be procedurally cured. *See American Family Mut. Ins. Co. v. Royal Ins. Co.*, 167 Wis. 2d 524, 533, 481 N.W.2d 629 (1992) (explaining fundamental versus technical error distinction and discussing cases).

¶ 5. The City argues that the complaint did not "run afoul" of the oath requirement, and, if it did, any defect was cured by the due process proceedings, including Wahlen's sworn testimony at the hearing. The City

---

[3] The City challenges the circuit court's determination that the revocation proceedings deprived Holmes of due process. Holmes did not respond to the City's due process argument. The due process issue has thus been conceded, and we do not address it. *See Raz v. Brown*, 2003 WI 29, ¶ 25, 260 Wis. 2d 614, 660 N.W.2d 647.

also argues that failure to comply with an oath requirement is sometimes excused, and that, even without a sworn complaint, sufficient safeguards of truthfulness were present. Finally, the City argues that by proceeding with a full due process hearing in which Holmes participated, the City acted according to law and did not deprive Holmes of due process. Holmes argues that the "sworn" requirement is clear, the requirement was not followed and that this failure to comply with the statute deprived the Council of jurisdiction to revoke Holmes's license.

¶ 6.    This is a certiorari review of the municipal decision to revoke Holmes's license. *See Ottman v. Town of Primrose*, 2011 WI 18, ¶ 34, 332 Wis. 2d 3, 796 N.W.2d 411 (certiorari is mechanism by which a court tests validity of municipal, administrative or lower-court decision). On certiorari, this court's review is limited to whether:    (1) the municipality acted within its jurisdiction; (2) it acted according to law; (3) "its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment"; and (4) the evidence might reasonably call the municipality's determination into question. *Id.*, ¶ 35. While certiorari review of a municipal body's decision carries a presumption of correctness, *id.*, ¶ 48, the reviewing court gives no deference to a municipality's interpretation of a state statute. *See id.*, ¶ 59 ("A court should not defer to a municipality's interpretation of a statewide standard."). Whether the municipality correctly interpreted a state statute is a question of law this court reviews de novo. *Id.*, ¶ 54.

¶ 7.    While it is undisputed that the complaint was not sworn, the City argues that, despite the lack of words such as "sworn," "upon oath," or "affirm," Wahlen's complaint "does not run afoul of the liquor law's 'sworn

written complaint' requirement." The City cites cases where the lack of a required oath has been fatal to the underlying proceeding, classifying these cases into three contexts, "civil courts, state claims, and criminal." In contrast, the City argues, the present case arises out of administrative proceedings. The City likens this case to those in which the lack of a required verification or swearing has been excused. Most notably, the City urges us to adopt the reasoning in *State v. Washington*, 83 Wis. 2d 808, 266 N.W.2d 597 (1978).

¶ 8. In *Washington,* Hazel Washington refused to produce documents requested via subpoena duces tecum and was jailed for up to six months for contempt. *Id.* at 815. Among other things, Washington argued that the contempt proceeding against her was invalid because there was no "verified petition alleging misconduct," as required by state statute. *Id.* at 837–38. The majority in *Washington* held that although the formalities were not followed, Washington had "full notice of the contempt charge and full opportunity to make her defense," *id.* at 839, and therefore the formal petition was not necessary. The City argues that the *Washington* rationale is applicable to this case and that Wahlen's failure to swear to the complaint is a technical defect that was cured by the subsequent proceedings.

¶ 9. The difference between the contempt proceedings in *Washington* and the license revocation proceedings here lies in the safeguards present—and absent—in the initiation of the action. In *Washington,* the contempt complaint was initiated after considerable court proceedings, in which Washington was involved, regarding Washington's refusal to turn over the requested documents. *Id.* at 813–15 (service with subpoena duces tecum, letters from Washington to the court indicating she would not produce documents,

closed-court session with argument by counsel, service with order to produce documents, informal court conference, open-court request for contempt order). More important, the *in-court* request for the contempt order was made by the assistant attorney general, *id.* at 829, an officer of the court. *See Mahoney v. Menard Inc.*, 2011 WI App 128, ¶ 8, 337 Wis. 2d 170, 805 N.W.2d 728 (attorney, as an officer of the court, has a professional obligation to make sure there are grounds for the action). In contrast, the license revocation complaint is filed by a resident. *See* WIS. STAT. § 125.12(2). And, of course, unlike the facts in *Washington*, it is an extrajudicial act. Thus, in this context, the sworn oath requires the resident to seriously consider the allegations, thus adding a safeguard against harassment and unwarranted scrutiny.

¶ 10. The City urges that there were adequate safeguards against untruthfulness in this proceeding because Wahlen is the chief of police. The City points to caselaw and the Racine municipal code to show us that police officers tell the truth. While we have no reason to doubt Wahlen's honesty, he did not make the complaint as chief of police; the first paragraph of the complaint states: "I am Kurt Wahlen, and I am a resident of the City of Racine . . . and make this Complaint . . . as a resident of the City of Racine." Safeguards applicable to Wahlen as chief of police do not cloak him with trustworthiness when he acts as a private citizen.

¶ 11. An oath or swearing requirement is important. The solemnity imposed by an oath requires the actor to stop and consider the allegations he or she is making. Under WIS. STAT. § 125.12(2), requiring a complainant to swear to his or her allegations prevents baseless harassment of legitimate businesses. An oath requirement is not a meaningless legal trapping. In the

§ 125.12(2) context, the sworn complaint initiates the review process, in which the licensee is brought under the microscope, enduring the stress of having to defend his or her business. What happens after, the entire procedure and due process hearing, cannot make up for a faulty start. To deem the lack of oath inconsequential or allow the testimony at the hearing to cure a defective complaint would render the swearing requirement meaningless.

¶ 12.   WISCONSIN STAT. § 125.12(2) establishes minimal due process safeguards against untrustworthy attacks on a liquor licensee's livelihood. The City did not follow them. We therefore affirm the decision of the circuit court.

*By the Court.*—Order affirmed.