**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 12, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP1524**

Cir. Ct. No. 2001PA111PJ

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

IN RE THE FINDING OF CONTEMPT IN:

IN RE THE PATERNITY OF R.L.A. AND B.L.A.:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

SUZANNE HEFFNER,

PETITIONER,

V.

RICHARD L. AUSTIN, JR.,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Washington County: TODD K. MARTENS, Judge. *Affirmed.*

¶1 NEUBAUER, C.J.[1] Richard L. Austin, Jr., appeals from an order finding him in contempt for lack of child support, sentencing him to forty-five days in jail. Austin asserts that the Washington County Child Support Agency lacked jurisdiction to enforce child support laws. He also asserts that the circuit court failed to protect his right to due process and suggests that sufficient evidence did not support the contempt order. Austin's arguments are largely based on irrelevant federal law.[2] We conclude the circuit court had jurisdiction to enforce child support laws, Austin has failed to identify any due process issue, and there was sufficient support for the court's finding of contempt. We affirm.

## BACKGROUND

¶2 On December 7, 2018, the State requested an order requiring Austin to seek employment, supporting its request with documentation reflecting a long period of nonpayment of child support. After a hearing at which Austin and the State appeared, a court commissioner granted the request, ordering Austin to actively seek work any time he was unable to produce a full payment.

¶3 After another hearing on February 15, 2019, the court commissioner found that Austin had failed to comply with the December order.

¶4 At a hearing held before the circuit court on July 24, 2019, the court found that Austin had still not complied with the December 7 order, both failing to explain his noncompliance and failing to pay. The court found Austin "was able

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(h) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version.

[2] Though Austin's entire brief quotes irrelevant federal law, applicable state law governs this case.

or should have been able to pay or comply with the Court's order and his failure to comply was willful." The court found him in contempt.

¶5 The court ordered Austin to serve forty-five days in jail with Huber privileges, but stayed the sentence for eighteen months, allowing Austin a chance to comply with certain conditions. The court also ordered Austin to make $100 monthly payments via an income withholding order, commencing August 1, 2019, toward his child support and then to any other debts due in the case. Ultimately, the contempt action was concluded after a purge was paid by Austin in the amount of $2678.50.

## DISCUSSION

¶6 Under WIS. STAT. § 785.01(1)(b), "[c]ontempt of court means intentional … [d]isobedience, resistance or obstruction of the authority, process or order of a court." Whether conduct constitutes contempt is a decision committed to the circuit court's discretion. *Currie v. Schwalbach*, 132 Wis. 2d 29, 36, 390 N.W.2d 575 (Ct. App. 1986), *aff'd*, 139 Wis. 2d 544, 407 N.W.2d 862 (1987). A contempt determination will not be reversed unless there is a clear mistake or misuse of discretion. *Kaminsky v. Milwaukee Acceptance Corp.*, 39 Wis. 2d 741, 746, 159 N.W.2d 643 (1968).

¶7 "The circuit courts have jurisdiction of all actions affecting the family and have authority to do all acts and things necessary and proper in those actions and to carry their orders and judgments into execution …." WIS. STAT. § 767.01(1). Section 767.01(2) specifically covers paternity and child support, stating, "In an action to establish paternity or to establish or enforce a child support obligation, in regard to a child who is the subject of the action, a person is subject to the jurisdiction of the courts of this state as provided in

[WIS. STAT. §§] 769.201 or 801.05." Section 801.05 states that a court that has subject-matter jurisdiction also has personal jurisdiction over the person served under certain circumstances, including over a person who is domiciled within the state. Sec. 801.05(1)(b).

¶8 The statutes are clear. When applied to these facts, they show that the circuit court had jurisdiction over Austin. Austin acknowledges that he "is a man domiciled in the State of Wisconsin."[3] Austin does not present any relevant contrary argument either in his moving brief or in reply.[4]

¶9 Likewise, Austin has failed to identify any due process violations in this case, or identify any aspect in which the State did not abide by the applicable statutes or due process requirements. WISCONSIN STAT. § 767.78(2) provides that the State may bring enforcement actions, including contempt, against a person who has not complied with their financial obligations.

¶10 WISCONSIN STAT. § 767.201 provides that WIS. STAT. ch. 801 of the Wisconsin Statutes governs procedure and practice in an action involving the family. The State contends that it followed all due process procedural requirements in this case, pointing to proper personal service, notice of all hearings, an opportunity to be heard, and appropriate allegations in support of a

---

[3] Even if Austin were not domiciled in the state, WIS. STAT. § 769.201(1m) lists ways in which the circuit court may obtain jurisdiction over a person, including the following: if the individual resided in the state with the child, if the individual resided in the state and provided prenatal expenses or support for the child, or if the child was conceived in the state.

[4] In his appellate briefing, Austin fails to reply to the State's arguments, effectively conceding them. *See Park 6 LLC v. City of Racine*, 2012 WI App 123, ¶4 n.3, 344 Wis. 2d 661, 824 N.W.2d 903 ("The due process issue has thus been conceded, and we do not address it.").

finding of contempt. Austin has failed to address any of these issues or otherwise respond.

¶11 Finally, the State properly proved its case, submitting sufficient evidence for the court to make a finding of contempt. Case law outlines that the two elements of contempt are (1) a payer's failure to pay is willful and (2) the failure to pay is not the result of inability to pay. *O'Connor v. O'Connor*, 48 Wis. 2d 535, 542-543, 180 N.W.2d 735 (1970). The burden is on the contemnor to show the conduct was not contemptuous. *Balaam v. Balaam*, 52 Wis. 2d 20, 30, 187 N.W.2d 867 (1971).

¶12 On December 7, 2018, Austin was ordered to seek work actively and diligently. On February 15, 2019, Austin was found noncompliant. Austin was personally served on April 23, 2019, with an Order to Show Cause Contempt and an affidavit in support of a finding of contempt.

¶13 The contempt hearing was held on July 24, 2019, having allowed Austin three months to marshal his evidence and arguments as to why he was not in contempt. The State offered proof of contempt by presenting the KIDS account statement, which reflected a significant period of nonpayment by Austin. The court found that Austin "was able or should have been able to pay or comply with the Court's order and his failure to comply was willful." Austin was found in contempt because he failed to make court-ordered payments and because he failed to comply with the seek work order.

¶14    In his brief, Austin argues the State failed to present any evidence to support the finding of contempt, but provides nothing to support his contention. His argument is wholly without merit.[5]  We affirm.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[5] Austin's pro se arguments are generally amorphous, disorganized, and without legal and/or factual support.  *See State v. Culver*, 2018 WI App 55, ¶¶25 n.14 & 27 n.15, 384 Wis. 2d 222, 918 N.W. 2d 103 (we do not address undeveloped arguments).

To the extent we are able to shape the line of argument he advanced regarding the interplay of federal law, we briefly address it.  He identifies federal law, which as we see it is not to his benefit.  It is true that Part D of Title IV of the Social Security Act (codified at 42 U.S.C. §§ 651-669b (1987)) establishes a federal-state scheme for the establishment and enforcement of child support.  *See generally Schulz v. Ystad*, 155 Wis. 2d 574, 594 n.2, 456 N.W.2d 312 (1990). However, Austin fails to explain how this is applicable to his child support obligations under state law.