IN RE VOLUNTARY ASSIGNMENT OF ADAM'S RIB, INC.:
KAMINSKY, Appellant, v. MILWAUKEE ACCEPTANCE
CORPORATION and another, Respondents.*

*No. 334. Argued June 7, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 643.)

---

* Motion for rehearing denied, with costs, on September 9, 1968.

For the appellant there was a brief by *George E. Frederick,* attorney, and *William P. McGovern* of counsel, both of Milwaukee, and oral argument by *Mr. McGovern.*

For the respondents there was a brief by *Glassner, Clancy & Glassner* of Milwaukee, for the Milwaukee Acceptance Corporation, and by *Robert F. Cavanaugh* of Milwaukee, for David F. Kopplin, receiver, and oral argument by *William E. Glassner.*

BEILFUSS, J. We deem the controlling issues to be:

1. Is the evidence sufficient to sustain the trial court's belief that the appellant could produce the records sought?

2. Is this case a proper case for the invocation of sec. 295.02, Stats., providing for summary punishment?

Mr. Kaminsky's defense before the circuit court consisted of an absolute denial of possession of the records sought and denial of knowledge of their whereabouts. He argues on appeal, therefore, that he is being compelled to do something which is not within his power to do.

Appellant is correct in his assertion that it is essential in contempt cases that the thing ordered to be done be within the power of the person. *See* 17 C. J. S., *Contempt*, p. 48, sec. 19. However, in the particular case whether or not the thing ordered is within the capability of the person so ordered is a question of fact for the trial court to be decided upon evidence presented as in any other case.

"The power to punish for contempt is to be used but sparingly. It should not be used arbitrarily, capriciously, or oppressively. *State ex rel. Schmidt v. Gehrz*, 178 Wis. 130, 189 N. W. 461. But it is also the law that this court will 'not reverse a proper order in such a case except in a plain instance of mistake or abuse of power.' *Warren v. Rosenberg*, 94 Wis. 523, 69 N. W. 339. As a general rule, 'a reviewing court in contempt proceedings will not consider pure questions of fact.' And 'although it has been held that the findings of the lower court in contempt proceedings are not conclusive on appeal,' the 'appellate court will give the same force to the trial court's findings in cases of contempt as in other cases where there is a conflict in the evidence, and where there is evidence tending to show the guilt of the defendant a finding of guilty will not be reviewed.' *Rubin v. State*, 192 Wis. 1, 211 N. W. 926." *State v. Meese* (1930), 200 Wis. 454, 458, 459, 225 N. W. 746, 229 N. W. 31.

The standard of review of a trial court's findings in the ordinary case where trial is not before a jury is as follows:

"Since the trial court tried the case without a jury, its findings will not be upset on appeal unless they are contrary to the great weight and clear preponderance of the evidence and it is not necessary the evidence in support of the findings constitutes the great weight or clear

preponderance of the evidence. Nor is it sufficient that there is evidence to support a contrary finding. To command a reversal, such evidence although sufficient to support a verdict must constitute the great weight and the clear preponderance of the evidence. [Cases cited.]" *Mitchell v. Western Casualty & Surety Co.* (1966), 30 Wis. 2d 419, 421, 141 N. W. 2d 212.

From our review of the record it is our conclusion the trial court's findings are not unsupported and are not against the great weight and clear preponderance of the evidence. It is clear that Mrs. Kaminsky, appellant's wife, delivered the records to the appellant. He does not deny that he received the records from her. Furthermore, the fact that he delivered some of the records is conclusive of the fact that he had possession of those that he delivered and would be the proper basis for an inference that he had or should know the whereabouts of the remainder.

The appellant here has failed to comply with an order of the court. The court simply did not believe the appellant's testimony that he cannot comply. This is not a case where the party urging contempt must prove a violation of a general order of the court, but is a refusal to comply with a direct specific order of the court. The burden was not upon the respondents to prove the appellant could comply with the order of the court. It was, at this point in the proceeding, incumbent upon the appellant to offer some satisfactory explanation of his failure to comply with the court's specific and direct order. Appellant offered nothing other than his own denial to show he did not have possession of the records and a statement that others had used the records at various times. No satisfactory explanation was offered as to where the records might be. It is incredible that important items essential to reconstruction of the business of Adam's Rib for the period concerned would vanish without explanation. The trial court could find that it is highly probable that the appellant has the records concerned, or

at least knowledge of their whereabouts. This is sufficient to compel the production or satisfactory explanation of their disappearance.

"It was certainly within the province of the trial court to find upon the showing made by the respondent that she had not made a *bona fide* effort to comply with the order of the court to produce the children. It is also apparent from the record that the respondent had no intention to do more than what would amount to an excuse for her failure to comply with the order of the court. It is highly improbable that the respondent does not know the whereabouts of her sister and children unless she remains wilfully ignorant in regard to their whereabouts. There is, as the trial court found, reason to believe that if respondent had made a genuine, *bona fide* effort to produce the children, they would be produced . . . ." *Dovi v. House* (1944), 245 Wis. 59, 66, 67, 13 N. W. 2d 590.

There is no showing that Mr. Kaminsky has made any bona fide attempt to comply with the court's order.

The appellant contends that there is no clear, convincing and direct proof that he had the records and, citing *Warren v. Rosenberg* (1896), 94 Wis. 523, 69 N. W. 339, argues the court cannot find him in contempt unless there is such proof. In this case the trial court stated:

" 'He has already stated he didn't know where the property was, or what became of it. In fact, he is absolutely ignorant of the entire transaction. It is no use prolonging this thing. He has not complied in giving the statement called for, nor the statement in regard to goods sold to his brother; and I will say here you can draw your order committing him for contempt for refusing to comply with the order of the court. Cut this thing short just where it is.' " (p. 525.)

Later, the defendant appeared applying for discharge with a new statement claiming it was as full and complete as was within his power to make. The trial court denied discharge finding the new statement unsatisfactory. Additionally, the court made a finding that defendant had $10,000 in money realized from the merchandise

involved and added to the order that defendant was required to turn this sum over to the receiver.

This court on appeal held that so far as the order of the trial court committing "the defendant until he should make full and truthful discovery of the property of his firm would not be so clear an abuse of the power of the court as would require its reversal by this court."

However, this court further states that the part of the order imprisoning the defendant until he paid the $10,000 was not within the power of the trial court. The court states that there must be direct, clear and convincing evidence that the defendant actually had the money before such a severe remedy could be invoked and that it was insufficient to draw the inference from the fact that the defendant's firm had a large amount of property two years before the proceeding.

The appellant herein seizes upon the language in the case as authority that there must be direct, clear and convincing proof presented that he did have the records before his denial of possession is overcome. The case does not profess such a proposition. This court clearly emphasizes the fatality of the commitment order was due to the fact that it called for the payment of money. The court feared that to permit imprisonment until payment of money without direct, clear and convincing evidence the debtor was able to pay would be a return to the practice of imprisonment for debt. The court states, at pages 529, 530:

"It was not the design of sec. 3029 to revive the power and practice of imprisonment for debt. That absurdity has long since been relegated, by the advance of civilization and the melioration of the rigors of ancient remedies, to the limbo of the obsolete barbarisms of the law. . . . No man can be imprisoned for mere inability to pay his contract debts, nor for failing to pay over to a receiver money which he does not have. Nor should there be involved in the modern administration of jurisprudence any considerable peril of such consequences. A commitment

for failure to pay over money ordered to be paid should never be made unless the evidence shows clearly and satisfactorily that the party has the money within his power, and so has the present ability to comply with the order."

There is no such consideration present in the instant case. The order of the court does not direct the appellant to turn over any money.

The trial court's conclusion that Kaminsky was not in good faith was within its province and is not to be invaded by this court unless clearly erroneous. The credibility of Kaminsky's testimony as determined from his demeanor at the hearing is a matter peculiarly for the trial court to evaluate.

While it appears from the record that there is no item of conclusive proof that Mr. Kaminsky had each of the items mentioned, to put that burden of proof on the appellant would make it impossible for contempt to be an effective remedy for the failure to comply with a court order such as that issued in this case. If all one need do to evade the order is deny possession of each and every item sought when the circumstances point to possession, then the order is without practical effect. It would be an impossible burden to make the respondents prove possession of each and every item Mr. Kaminsky denied having. At this point it is well to reiterate that although the appellant was found in contempt of court and sentenced on December 12, 1967, the execution of the sentence was stayed until January 15, 1968, to give the appellant an opportunity to reconstruct the records and, in effect, purge himself of contempt. The record does not reveal any attempt by the appellant to reconstruct the records prior to the notice of appeal filed January 11, 1968.

The appellant urges the trial court erred in acting pursuant to sec. 295.02, Stats., providing for summary punishment. That section provides:

"**Summary punishment.** When any such misconduct shall be committed in the immediate view and presence of the court it may be punished summarily by fine or imprisonment, or both, as hereinafter provided. For that purpose an order must be made by the court stating the facts which constituted the offense and bring the case within the provisions of this section, and particularly and specifically prescribe the punishment to be inflicted therefor."

It is appellant's contention the alleged misconduct was not committed in the presence of the court rendering the section inapplicable. He cites the case of *Upper Lakes Shipping v. Seafarers' International Union* (1963), 22 Wis. 2d 7, 17, 18, 125 N. W. 2d 324. In that case the meaning of the phrase "committed 'in the immediate view and presence of the court' " was reviewed.

"Under sec. 295.02, Stats., summary punishment for civil contempt is permissible only if the conduct occurs in the presence of the court, and in the immediate view of the court. This provision requires the court, as a person, to directly observe the conduct at issue. Alleged misconduct committed in the presence of the deputy sheriff was not committed 'in the immediate view and presence of the court.' The rationale underlying summary punishment for contempt requires this construction of sec. 295.02. If the conduct occurs before the court, there is no need for further fact-finding. From his own direct observations the court possesses the necessary information to proceed to judgment. However, if the events occur outside his direct observation, fact-finding should follow the requirements of the adversary system. The party seeking the aid of the judicial process to reinforce his legal and economic position must present the information necessary for judgment to the court. The opposing party must be given an opportunity to test the moving party's propositions by cross-examination, and to offer proof supporting his contrary propositions. While the legislature could constitutionally combine the functions of prosecutor, judge, and jury in the court, even though some of the material propositions relating to the contempt occurred outside of the view of the court, the legislature

has chosen to give full effect to the logic of the adversary system except in those situations in which the contumacious conduct occurs within the trial judge's direct observation."

The case of *In re Rosenberg* (1895), 90 Wis. 581, 63 N. W. 1065, 64 N. W. 299, points out, however, that where one refuses to obey the specific directions of the court it is a proper case. In *In re Rosenberg,* as in the instant situation, the contemnor failed to produce books and papers as ordered by the court and was consequently held in contempt. The court said, at pages 587, 588:

"The petitioner was bound to obey the oral directions of the court touching the discovery, during its progress, made in open court, when he was present. A refusal to do so is a direct contempt of the authority of the court.

"When any such misconduct as is a contempt is committed in the immediate view and presence of the court, it may be punished summarily by fine or by imprisonment, or by both fine and imprisonment. For that purpose an order must be made by the court, stating the facts which constituted the offense and bring the case within this provision of the statute, and particularly and specifically prescribing the punishment to be inflicted therefor. R. S. sec. 3478. This was a proper case to be punished summarily, under this section. The misconduct was committed within the immediate view and presence of the court, within its meaning. . . . It was not needful that the court should find and recite in the order that the misconduct was such as to defeat, impair, impede, or prejudice the rights or remedies of the plaintiffs. . . .

"When the misconduct consists of an omission to perform some act or duty which is yet in the power of the defendant to perform, he shall be imprisoned only until he shall have performed such act or duty. . . ."

The case at bar and the *Rosenberg Case* must be distinguished from the *Upper Lakes Case.* In *Upper Lakes* the alleged misconduct was for the violation of an injunction directed at a group, the individuals of which were unidentified in the order. In the instant case, as

was the court in the *Rosenberg Case,* we are concerned with a court order requiring a specific individual, the appellant, to do a specific thing, turn over the books and records of Adam's Rib. The original order to show cause has been supplanted with an order to do a specific thing, to produce the records. If the appellant fails to comply there is no need for any further fact-finding and no need for any interrogatories to be served according to sec. 295.12, Stats., to inform him of the charges against him.

Furthermore, the false denial of possession or knowledge of the whereabouts of the records is contempt, direct and in the presence of the court:

"And the court had no right to be deceived by untruthful statements, nor to be satisfied by evasive or prevaricating answers. Prevarication by a witness has the same effect upon the administration of justice as a refusal to answer. To the same effect it puts the witness in the position of standing out against the authority of the court, and thwarts the court in its effort and purpose of doing justice between the parties. It is contumacy. It is direct contempt of the authority of the court." *In re Rosenberg, supra,* page 585.

Since the appellant's misconduct amounts to a direct contempt, the summary punishment procedure was correctly used by the court and, of course, sec. 295.12, Stats., requiring written interrogatories is inapplicable.

Because we affirm the order of the trial court we do not reach the respondents' contention that the order was not appealable.

Shortly before this case was scheduled for oral argument the appellant's counsel moved, in this court, for a continuance upon the ground that the appellant was seriously ill. We denied the motion primarily because his present illness could not affect a resolution of the issues before us. If a stay of execution of the sentence is to be had we deem this determination must be made by the trial court upon proper motion and proof after

remittitur and upon such conditions as the court might impose.

*By the Court.*—Order affirmed, and record remanded for further proceedings not inconsistent with this opinion.