# COURT OF APPEALS
## DECISION
## DATED AND FILED

## February 23, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1279**

Cir. Ct. No. **2018CV2274**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

SOFTWARE ONE, INC.,

   PLAINTIFF-RESPONDENT,

 V.

CAROL EASTMAN,

   DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Waukesha County: WILLIAM J. DOMINA, Judge. *Affirmed in part; reversed in part.*

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Carol Eastman appeals an order granting summary judgment on SoftwareOne, Inc.'s ("SoftwareOne") claims for civil theft, breach of contract, a declaratory judgment of contractual rights, and a violation of the computer crimes statute, WIS. STAT. § 943.70 (2019-20).[1]  As relevant here, the substance of the action was to obtain monetary damages and injunctive relief after Eastman removed a hard drive disk (HDD) from her SoftwareOne-issued laptop computer and allegedly failed to return the HDD following the termination of her employment.

¶2     The circuit court initially denied SoftwareOne's summary judgment motion, concluding there existed a genuine issue of material fact regarding whether Eastman had returned the HDD.  It subsequently granted SoftwareOne's motion for reconsideration after investigation by SoftwareOne revealed that the FedEx information Eastman included with her affidavit was for a wholly unrelated shipment.  Based upon Eastman's misrepresentation, the court concluded there was no longer any factual issue for trial.  It also found Eastman in contempt and imposed a daily monetary forfeiture that was to continue until Eastman returned the HDD to SoftwareOne.

¶3     On appeal, Eastman argues that her "mistake" in submitting false information in her affidavit did not justify a contempt finding and the circuit court erred by ordering a daily monetary forfeiture until the HDD was returned to SoftwareOne.  We conclude the court properly exercised its discretion when it found that Eastman's conduct was contemptuous, and we therefore affirm that

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

portion of its determination. However, the remedial sanction imposed by the circuit court lacked a sufficient nexus to the contemptuous conduct, and we therefore reverse that portion of the order.

¶4 Eastman also argues the circuit court improperly granted SoftwareOne's motion for summary judgment and awarded monetary damages that were unsupported by the evidence. Even though Eastman acknowledges she provided false shipment information in her initial affidavit, she argues her continued assertion that she returned the HDD was sufficient to preclude summary judgment. We conclude that under the circumstances here, Eastman's bare assertion that she returned the HDD, accompanied only by her speculative statements that she may later be able to produce records demonstrating how that was accomplished, was insufficient to warrant a trial. The time for presenting opposing proofs is in response to a summary judgment motion, not after. We also conclude there was sufficient evidence to support the monetary damages award. Accordingly, we affirm the court's summary judgment determinations.

## BACKGROUND

¶5 Eastman became a SoftwareOne employee after her company was acquired in March 2016. In connection with the acquisition, Eastman signed an employment and non-disclosure agreement (NDA), as well as an asset purchase agreement. She was subsequently issued a SoftwareOne laptop.

¶6 Eastman was terminated from her employment on July 20, 2018. At the time of termination, SoftwareOne remotely locked Eastman's laptop, preventing her from accessing information on the HDD. Eastman initially retained

the laptop. She ultimately decided to return it, but it is undisputed that before doing so she removed the HDD from the laptop.[2] SoftwareOne maintains Eastman has never returned the HDD, and it submitted employee affidavits averring as much.

¶7 SoftwareOne filed the present suit in December 2018, seeking injunctive relief related to Eastman's retention of the laptop HDD, as well as attorney fees allowed under the NDA and allowable costs, disbursements and penalties.[3] SoftwareOne filed a motion for summary judgment, asserting that by retaining the HDD Eastman had violated the NDA's requirement that she "immediately return to SoftwareONE all … material in Employee's possession or control incorporating Confidential Information and trade secrets relating to SoftwareONE." It also argued that retention of the HDD satisfied all of the elements of civil theft, entitling it to monetary and exemplary damages. Finally, it argued that Eastman violated the computer crimes statute by removing and retaining the HDD and damaging the laptop.

---

[2] Eastman stated at the summary judgment hearing that she kept the HDD because it had her personal information on it.

[3] SoftwareOne's claim for declaratory judgment related to Eastman's assertions that she was entitled to certain stock allocations under the asset purchase agreement. Eastman has not presented any argument regarding the circuit court's decision to grant SoftwareOne summary judgment on that claim, and therefore we do not address it.

We note Eastman was a pro se litigant throughout the Wisconsin circuit court proceedings, but was apparently represented by an attorney in litigation she filed against SoftwareOne in California. She has retained appellate counsel.

¶8     As relevant here, Eastman defended against the summary judgment motion on the basis that she had, in fact, returned the HDD to SoftwareOne.[4]  The affidavit she submitted in response contains the following averment:

> 22.  I also did not retain possession of the Lenovo Notebook hard drive, and returned it to SoftwareONE as well, despite the fact that I still had not been able to access any information, including my personal information, remaining on the hard drive.  I purchased an envelope to return the hard drive from the UPS Store on Main Street, in Huntington Beach, California.  Attached hereto as Exhibit 6 is a true and correct copy of my receipt from September 8, 2018[,] to purchase the envelope for returning the hard drive.  On September 8, 2018, I returned the hard drive by FEDEX EXPRESS to SoftwareONE.  Attached hereto as Exhibit 7 is a true and correct copy of the transaction record for my payment to FEDEX EXPRESS for the return of the hard drive on September 8, 2018.

Exhibit 6 appears to be a photocopy of a UPS Store receipt with an illegible date for the purchase of a white mailing envelope.  Exhibit 7 appears to be a printout of transaction details for an American Express account relating to the purchase of FedEx shipping services.

¶9     At the summary judgment hearing, the circuit court correctly observed that it was required to accept facts and reasonable inferences therefrom in the light most favorable to the non-moving party (i.e., Eastman) and that it could not "judge credibility and who's honest or dishonest in a summary judgment motion."  The court determined the competing affidavits gave rise to a genuine dispute of material fact regarding whether Eastman had returned the HDD, and it set the matter for trial.

---

[4] Alternatively, Eastman argued she was not liable for breach of contract because she had been locked out of access to the HDD and therefore was no longer in possession of any confidential information or trade secrets.

¶10 Several months later, SoftwareOne filed a motion for reconsideration. As a basis for the motion, SoftwareOne represented that its attorneys had subpoenaed FedEx for information relating to the reference number and invoice numbers contained in Exhibit 7 to Eastman's affidavit. According to FedEx records, the numbers Eastman provided referred to an unrelated shipment to a Clayton Lewis in New York with a ship date of August 31, 2018, and a delivery date of September 6, 2018. SoftwareOne argued Eastman had perjured herself by submitting a knowingly false affidavit and making untruthful statements in open court, and it sought both contempt sanctions and an award of summary judgment.

¶11 Eastman's response brief characterized SoftwareOne's motion as "unnecessary" and intended merely to "irritate everyone during this difficult time over a hard drive worth a few hundred dollars." Eastman filed another affidavit, in which she admitted she was "mistaken" about using FedEx to return the HDD but denied that she had "retained possession" of it. She averred that she had attempted to contact FedEx to determine the accuracy of the tracking number she had previously provided, but she was told they could not provide information "from that far back." Eastman's brief argued SoftwareOne's motion should be denied because "there is [a] possibility that Defendant could show she returned the hard drive." Specifically, Eastman argued it was possible she had used a different carrier for the shipment or could locate "other records and potential other options and sources to find the information regarding when Defendant returned the hard drive."

¶12 At the motion hearing, Eastman argued the circuit court could not hold her in contempt for "a misunderstanding of a receipt and Fed Ex information for an upcoming trial." She explained that even though SoftwareOne was able to

6

obtain shipment information from FedEx, they had done so by subpoena, and she had not attempted to use that mechanism. She also maintained that the hard drive was of minimal value and SoftwareOne had waited too long to file its reconsideration motion.

¶13 The circuit court was unimpressed with Eastman's arguments. It determined SoftwareOne's reconsideration motion was timely and noted that Eastman had effectively conceded that the shipment information she had earlier provided was "not applicable in any way, shape, or form to this case." The court concluded the information Eastman had provided to create a genuine issue of material fact was false and Eastman had failed to substantiate her assertion that it was merely a mistake. Contrary to Eastman's claims about possibly having used another carrier, the court noted that in one of Eastman's California depositions, she was adamant that she had used FedEx to return the HDD.

¶14 Having concluded that Eastman's false averments were "a purposeful attempt to create an evidentiary dispute in order to avoid a summary judgment decision," the circuit court granted SoftwareOne's motion to reconsider. It concluded SoftwareOne was entitled to summary judgment on all its claims, ordered injunctive relief, and awarded trebled monetary damages consisting of the replacement value of the laptop. It also found Eastman in contempt of court and required her to return the HDD within ten days, with the failure to do so subject to a daily $150 forfeiture. Finally, the court determined SoftwareOne was statutorily and contractually entitled to its costs for investigation and litigation, including reasonable attorneys' fees, which it set by separate order.

¶15    Eastman filed a notice of appeal.  While the appeal was pending, she filed a motion for reconsideration, which the circuit court in large part denied.[5]

## DISCUSSION

*I.  Contempt of Court*

¶16    Eastman first argues the circuit court erred by holding her in contempt of court.  Contempt of court, as relevant here, means "intentional … [m]isconduct in the presence of the court which interferes with a court proceeding or with the administration of justice, or which impairs the respect due the court."  WIS. STAT. § 785.01(1)(a).  Whether a circuit court's finding of contempt was proper is reviewed for an erroneous exercise of discretion.  *Frisch v. Henrichs*, 2007 WI 102, ¶29 n.13, 304 Wis. 2d 1, 736 N.W.2d 85.

¶17    We conclude the circuit court did not erroneously exercise its discretion when it found Eastman's conduct contemptuous.  Eastman had sworn in an affidavit that Exhibit 7 was a "true and correct copy of the transaction record for my payment to FEDEX EXPRESS for the return of the hard drive on September 8, 2018."  In fact, and contrary to Eastman's sworn representation to the circuit court and statements during the summary judgment hearing, Exhibit 7 proved to be a transaction record for an entirely unrelated shipment, mailed on a different date—none of which Eastman disputes.  Moreover, the misrepresentation was revealed only after significant investigative efforts by SoftwareOne.  Eastman's conduct interfered with the court proceedings, hampered the

---

[5] The only portion of the motion on which the court granted relief related to the date by which Eastman had to return the HDD before contempt sanctions began.

administration of justice, and impaired the respect due the court, and we have no trouble concluding the circuit court properly exercised its discretion when it determined as much.

¶18 Eastman's only argument to the contrary is that the circuit court "disregarded" her explanation that she was merely mistaken about the shipment information and she did not intend to commit a fraud upon the court. This argument ignores our standard of review. Factual findings relating to contempt are reviewed using the clearly erroneous standard. *See Kaminsky v. Milwaukee Acceptance Corp.*, 39 Wis. 2d 741, 747, 159 N.W.2d 643 (1968).[6]

¶19 As in *Kaminsky*, the circuit court here simply disbelieved Eastman's explanation that she was mistaken about the shipment information, and it determined she had intentionally misrepresented Exhibit 7. Eastman offered nothing more own than her own denial that she had intentionally submitted false documentation, and she did not explain her failure to investigate the accuracy of the shipping information before submitting it.[7] *Cf. id.* (noting it is the potential contemnor's burden to explain a failure to comply with a court order). Even now, Eastman only generally claims that she shipped the HDD back (perhaps using a different carrier than the one she swore she used in her original affidavit). Her statements that she might, at some point in the future, be able to prove she shipped

---

[6] The "great weight and clear preponderance" standard and the "clearly erroneous" standard are interchangeable. *Noll v. Dimiceli's, Inc.*, 115 Wis. 2d 641, 643, 340 N.W.2d 575 (Ct. App. 1983).

[7] Even Eastman's affidavit in support of her motion for reconsideration is silent on this point. The circuit court specifically noted the lack of any explanation for Eastman's conduct when it granted SoftwareOne's motion for reconsideration and to hold Eastman in contempt.

it back are purely speculative. The circuit court was entitled to make a finding of intent based upon the record before it.

¶20    Eastman also challenges the sanction imposed by the circuit court for her contemptuous conduct. The remedies authorized by statute are the exclusive remedies available for contempt, and sanctions are classified as either punitive or remedial. *Christensen v. Sullivan*, 2009 WI 87, ¶50, 320 Wis. 2d 76, 768 N.W.2d 798. The parties agree that the sanction at issue here was remedial in nature.[8]  To the extent our review of the court's discretionary determination requires us to examine whether it applied the correct law, we do so de novo. *State v. Jones*, 2018 WI 44, ¶27, 381 Wis. 2d 284, 911 N.W.2d 97.

¶21    Remedial sanctions may be imposed only for the purpose of terminating a continuing contempt of court. *Christensen*, 320 Wis. 2d 76, ¶54. Such sanctions are "not designed to punish the contemnor, vindicate the court's authority, or benefit the public." *Id.*, ¶55. The remedial sanctions available to the court are enumerated in WIS. STAT. § 785.04(1) and include a monetary forfeiture not to exceed $2,000 for each day the contempt continues.

¶22    Eastman argues the circuit court imposed an unauthorized remedial sanction when it drew a "negative inference" that she retained possession of the hard drive. We agree with SoftwareOne that the court did not impose a "negative inference" as sanction for Eastman's contemptuous conduct. As we further address below, the court plainly regarded Eastman's misrepresentation in her

---

[8] The parties appear to be in agreement that the circuit court's contempt determination was made under WIS. STAT. § 785.01(1)(a), that the court used the nonsummary procedure established by WIS. STAT. § 785.03(1)(a), and that the remedial forfeiture imposed by the court was otherwise authorized under WIS. STAT. § 785.04(1)(c).

initial affidavit to have resulted in a failure of proof. The sanctions for her contempt were limited to the daily $150 forfeiture until she returned the HDD to SoftwareOne.

¶23 Eastman also argues the daily forfeiture sanction was defective because it was not formulated to terminate continuing contemptuous behavior. We agree with Eastman's assessment. Remedial sanctions require that the contemptuous conduct is ongoing. *Christensen*, 320 Wis. 2d 76, ¶60. The contemptuous conduct here was specifically identified by the circuit court's order as "lying about having returned Plaintiff's hard drive."

¶24 The circuit court's identification of "lying" as the contemptuous conduct is key. Eastman's mere failure to return the HDD did not result in contempt sanctions, but her misrepresentation of a significant document in her affidavit did. Her concession that she made a mistake in her earlier affidavit—regardless of whether the circuit court believed that explanation—effectively terminated the contempt and severed the nexus between her contemptuous conduct and the daily forfeiture sanction, which was purgeable only by returning the HDD. In short, the contemptuous conduct identified by the court was no longer "continuing" so as to warrant remedial sanctions.

¶25 In so holding, we recognize that a contemnor subject to a purge condition must have the "keys to the jail house door." *Frisch*, 304 Wis. 2d 1, ¶59. The purge condition should serve remedial aims, the contemnor should be able to fulfill the proposed purge condition, and the condition should be reasonably related to the cause of the contempt. *Id.*, ¶64 (citation omitted). Here, even if the circuit court implicitly found that Eastman failed to return the HDD to SoftwareOne, it does not necessarily follow that she continued to retain possession

11

of it.   As a result, even ignoring the lack of a nexus between Eastman's contemptuous conduct and the daily forfeiture, there was an additional finding necessary to warrant such a sanction beyond the mere fact that Eastman had lied in her affidavit about returning the HDD.   The omission of a "retained possession" finding is especially notable given that the conduct at issue in the underlying litigation involved a failure to return the HDD to SoftwareOne, not Eastman's continued possession of an item that apparently had been disabled, and the sanction imposed could potentially continue indefinitely if Eastman no longer has the HDD.

¶26   SoftwareOne defends the circuit court's daily forfeiture sanction as, alternatively, a proper exercise of the court's equitable authority to grant injunctive relief as part of the grant of summary judgment.   We reject this argument because the daily forfeiture was explicitly imposed in connection with the court's finding that Eastman "committed contempt by engaging in misconduct … by lying about having returned Plaintiff's hard drive."   We will not attempt to reclassify the sanctions imposed as a grant of equitable relief on one or more of SoftwareOne's substantive claims.[9]

*II.   Summary Judgment*

¶27   Eastman next argues the circuit court erred by granting SoftwareOne's motion for summary judgment.   We review a grant of summary judgment de novo.   ***Racine Cnty. v. Oracular Milwaukee, Inc.***, 2010 WI 25, ¶24,

---

[9] Because we conclude the daily forfeiture imposed by the circuit court was not authorized under Wisconsin law, we need not address Eastman's alternative argument that it was unconstitutional.   *See **Maryland Arms Ltd. P'ship v. Connell**, 2010 WI 64, ¶48, 326 Wis. 2d 300, 786 N.W.2d 15 (noting that cases should be decided on the narrowest grounds).

323 Wis. 2d 682, 781 N.W.2d 88. We apply the same methodology as the circuit court, which is set forth in WIS. STAT. § 802.08. *Oracular Milwaukee, Inc.*, 323 Wis. 2d 682, ¶24.

¶28    Under WIS. STAT. § 802.08(2), summary judgment shall be rendered if the parties' evidentiary submissions show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. We first review the complaint and answer to determine whether issue has been joined on a properly stated claim for relief. *Hoida, Inc. v. M & I Midstate Bank*, 2006 WI 69, ¶16, 291 Wis. 2d 283, 717 N.W.2d 17. If so, we examine the moving party's affidavits to determine whether they establish a prima facie case for summary judgment. *Id.* We then review the opposing party's affidavits to determine whether there are any material facts in dispute, or inferences from undisputed facts, that would entitle the opposing party to a trial. *Id.*

¶29    Eastman argues the circuit court erred by making a credibility determination when it granted SoftwareOne summary judgment on its claims. Eastman fashions this as a case of "dueling affidavits" because she maintained in her second affidavit that she returned the HDD to SoftwareOne, even though she has admitted that her first affidavit misrepresented the shipment information. Eastman argues a general issue of material fact exists as to SoftwareOne's claims because she avers she returned the HDD while SoftwareOne avers the opposite.[10]

---

[10] Aside from the civil theft claim, which we discuss more in detail below, Eastman does not separately analyze the elements for any of SoftwareOne's claims. Accordingly, we assume, without deciding, that Eastman's failure to return the HDD to SoftwareOne was a material fact necessary for SoftwareOne to establish to prevail on its claims for breach of contract and a violation of the computer crimes statute.

¶30     Typically (and as the circuit court recognized in its initial decision denying summary judgment), the existence of sworn affidavits, each of which makes material assertions that are contrary to the other, would create an issue to be resolved by the trier of fact. But this case features a confluence of additional facts that lead us to agree with the court that, on this record, no reasonable trier of fact could render a verdict in Eastman's favor on SoftwareOne's claims.

¶31     First and foremost, it is undisputed that the affidavit Eastman used to create a genuine issue of material fact in the first instance was false. Eastman's initial affidavit was quite specific, averring that she had returned the HDD by FedEx on September 8, 2018, with the shipment information described in the attached Exhibit. Exhibit 7 was not documentary material generated by FedEx, but rather what appears to be information generated from Eastman's American Express transaction history. Eastman now acknowledges that, contrary to her initial affidavit, Exhibit 7 has nothing to do with any shipment to SoftwareOne.

¶32     As the circuit court recognized, a motion for summary judgment is a "put up or shut up moment." This concept is embedded in WIS. STAT. § 802.08(3), which states that when a party makes a prima facie case for summary judgment, the adverse party must present "specific facts showing that there is a genuine issue for trial." By submitting a false affidavit, Eastman failed to put any specific evidentiary facts in dispute that would warrant a trial.

¶33     Second, Eastman has not offered any explanation for submitting a false affidavit beyond the notion of a "mistake," nor has she offered any evidentiary material to support her continued assertion that she returned the HDD to SoftwareOne on September 8, 2018. Eastman made no effort before the circuit court nor this court to elaborate upon her assertion that she made a mistake.

14

Specifically, she has not explained how she came to believe that Exhibit 7 pertained to the purported SoftwareOne shipment, why she did not verify the accuracy of that information before submitting it with her affidavit, and why she did nothing to correct or supplement her affidavit until confronted by the results of SoftwareOne's investigation.

¶34    Instead, Eastman posits that it was sufficient that she filed a second affidavit, in which she acknowledged that she "may have been mistaken" about the authenticity of Exhibit 7 but re-affirmed that she had returned the HDD to SoftwareOne.  Despite her sworn deposition testimony that she used FedEx, Eastman hypothesized that she might have used a different shipping carrier and might, at some undefined point in the future, be able to locate documentary evidence supporting the claimed return of the HDD.

¶35    Under the circumstances here, Eastman's bare assertion that she returned the HDD, accompanied only by her speculative statements that she may later be able to produce records demonstrating how that was accomplished, was insufficient to rebut SoftwareOne's averment that the HDD had not been returned and her own documentary evidence showing that she had not done so.  Eastman's initial affidavit was proven false, and her attempt to rehabilitate her affidavit by submitting a new one excising all but her assertion that she returned the HDD is unpersuasive in light of Eastman's ever-changing explanations for how and when she returned the HDD.

¶36    To that point, we note that Eastman's initial affidavit included exhibits that contradicted her own averments about how she returned the HDD. Those exhibits consisted of emails in which Eastman told SoftwareOne personnel first that she had returned the laptop and HDD together using a shipping label

provided by human resources, then that she had returned the laptop and HDD using separate labels SoftwareOne had given her. In the second email, Eastman claimed the tracking information for the HDD shipment was in the exclusive possession of SoftwareOne.

¶37 Notably, while Eastman initially stated that she returned the laptop and HDD together, she later admitted that she removed the HDD in order to retain personal information. At the summary judgment hearing, she stated that she meant to keep the HDD only long enough to obtain SoftwareOne's cooperation in unlocking it to remove her personal information—which she never received.[11] Then, according to Eastman, she decided to return the HDD anyway, even though the shipping information she submitted to the court turned out to be false. Again, she provided no information to explain these changing representations.

¶38 In short, Eastman's own submissions throughout this litigation combined with her final, bare contention that she had, in fact, returned the HDD, resulted in a failure to produce evidence to show that her prior representations were not false. Given that the burden of production had shifted to her in light of SoftwareOne's averment that the HDD was never returned, and additionally considering her own prior documented misrepresentations, she failed to show that she could establish at trial that the HDD had *in fact* been returned. Absent any information about when or how that shipment occurred, the jury would be tasked with speculating as to how that had happened. The circuit court did not err in

---

[11] Eastman does not address how she believes her admitted retention of the HDD satisfied her obligation under the NDA to "immediately return" confidential material belonging to SoftwareOne.

concluding that after Eastman's initial affidavit proved false, she failed to meet her burden of production to show that there was a genuine issue of fact.

¶39    The record demonstrates the circuit court did not casually disregard Eastman's renewed claim that she had returned the HDD.  Eastman had additional opportunities both in her response to SoftwareOne's motion for reconsideration and in her own motion for reconsideration to provide a detailed explanation of her vacillations and corroborate her assertion that she sent the HDD back.  She produced no new evidentiary material.  In fact, she acknowledged that even though SoftwareOne had successfully subpoenaed FedEx for records, she had not even attempted to do so.  Eastman's speculative assertions that she might be able to prove that the HDD was returned at some point in the future is insufficient to create a genuine issue of material fact now, at the time when "specific facts" are necessary.  *See* WIS. STAT. § 802.08(2).

¶40    Under these circumstances, we note that it was also well within the court's authority to declare Eastman's second affidavit incredible as a matter of law.  *See **Ricco v. Riva**, 2003 WI App 182, ¶16, 266 Wis. 2d 696, 669 N.W.2d 193, superseded by statute on other grounds as recognized in **State v. Alger**, 2013 WI App 148, 352 Wis. 2d 145, 841 N.W.2d 329.*  In instances where a party's averment is positively contradicted by documentary evidence, a trial need not occur merely because an affiant says something is true.  *See **Fox v. Wand**,* 50 Wis. 2d 241, 246, 184 N.W.2d 81 (1971).  As set forth above, Eastman has effectively conceded that she submitted false information in her initial affidavit, and she is not entitled to the court system's further indulgence in her attempts to conjure evidence opposing summary judgment.

¶41     Eastman also specifically argues there was a genuine issue of material fact regarding whether she intended to permanently deprive SoftwareOne of possession of its HDD, which was an essential element of SoftwareOne's civil theft claim.[12]   *See* WIS. STAT. § 943.20(1)(a).   For the reasons previously explained, her averment that she returned the HDD is insufficient to create a genuine issue of material fact on this claim.

¶42     Additionally, the undisputed facts allow for no other inference than that Eastman intended to permanently deprive SoftwareOne of its property. Eastman's argument that intent was not established because the HDD contained her personal information and there was "no evidence that she intended to keep the hard drive any longer than it took to secure SoftwareOne's cooperation" falls flat. Eastman's own "hostage" reasoning demonstrates her intent to deprive SoftwareOne of its property unless SoftwareOne met her demands, which it was not obligated to do.

*III.  Damages*

¶43     Last, Eastman argues the evidence was insufficient to support the circuit court's damages award for the value of the laptop computer.  A civil action under WIS. STAT. § 943.20 is authorized by WIS. STAT. § 895.446(1).   The plaintiff may recover "[a]ctual damages, including the retail or replacement value of damaged, used, or lost property, whichever is greater."  Sec. 895.446(3)(a).  In

---

[12] Eastman also argues reversal is warranted because the circuit court made no finding of intent.  We regard the court's finding to be implicit in its grant of summary judgment on the civil theft claim.

its discretion, the circuit court may treble any damages awarded under that paragraph. Sec. 895.446(3)(c).

¶44    The circuit court found the replacement cost of the laptop was $1,541, and it trebled that amount for a total damages award of $4,623. That amount was based on SoftwareOne's submission averring that the original cost of the Lenovo Thinkpad X250 was approximately $1,400, the model was no longer in production, and the cost of a comparable Microsoft Surface 3 was $1,541. Eastman argues the court erred by relying on the cost of a "much newer, more expensive tablet computer."

¶45    We are unpersuaded that the circuit court erroneously exercised its discretion when awarding damages for the value of the laptop. Eastman cites no binding authority for the proposition that SoftwareOne was required to purchase a used Lenovo Thinkpad X250 to replace the laptop she destroyed.[13]    Rather, SoftwareOne's affidavit stating that the Lenovo Thinkpad X250 was "reasonably comparable" to, and had "specs in line" with, a Microsoft Surface 3, was sufficient evidence of replacement value.

¶46    No WIS. STAT. RULE 809.25 costs are allowed.

*By the Court.*—Order affirmed in part; reversed in part.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[13] To the extent Eastman relies on general treatises, we similarly do not read them to require replacement with the exact same equipment. Additionally, Eastman's reference to contract damages are inapt, as this case involves a statutory award.