COURT OF APPEALS
DECISION
DATED AND FILED

April 8, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP2229**

Cir. Ct. No. 2021FA47

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

IN RE THE MARRIAGE OF:

SARAH ANN FOX,

    PETITIONER-RESPONDENT,

  V.

MATHIEW RAE FOX,

    RESPONDENT-APPELLANT.

        APPEAL from an order of the circuit court for Kenosha County: HEATHER R. IVERSON, Judge. *Affirmed*.

¶1 LAZAR, J.[1] Mathiew Rae Fox pro se appeals from the circuit court order finding him in contempt of court for posting about his court case on social media platforms. Despite being ordered to do so, Sarah Ann Fox[2], now also pro se, has failed to file a response brief. This court may exercise its discretion and summarily reverse the circuit court provided it is determined that the respondent has abandoned the appeal, acted egregiously, or acted in bad faith. *Raz v. Brown*, 2003 WI 29, ¶18, 260 Wis. 2d 614, 660 N.W.2d 647; *see also State ex rel. Blackdeer v. Township of Levis*, 176 Wis. 2d 252, 259-60, 500 N.W.2d 339 (Ct. App. 1993). This, however, is a determination that may be made; it is not mandatory.

¶2 In this appeal, Mathiew has failed to establish a meritorious basis on his first issue, and on the remaining issues, has otherwise failed to provide coherent arguments supported by applicable legal authority and failed to cite to the Record. Accordingly, this court affirms the circuit court.

## BACKGROUND

¶3 Mathiew and Sarah Ann divorced in June 2021. They share two children and received joint custody at the time of divorce. In November 2024, the circuit court granted Sarah sole legal custody as related to therapy and counseling for the children and primary physical placement of them temporarily, and it gave Mathiew supervised placement once per week.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

[2] This court refers to the parties by their first names because they share the same surname.

¶4    At a May 29, 2025 status conference, the children's guardian ad litem testified that Mathiew had posted videos about the court case online. The circuit court ordered that neither party was to post anything about the children on "social media of any type," and it issued a written order on June 9, 2025, stating "[t]hat the [c]ourt … orders that neither party shall disseminate on any form of social media any information concerning this case or pictures and/or information concerning the minor children. This shall include Facebook, YouTube, X, Twitter, Snapchat, and all other forms of social media." At the hearing, the court and parties all acknowledged a prior court order[3] that "there should be no discussion of the case[.]" And, Mathiew's counsel affirmed that "[h]e will abide by that. I'm sure he understands that that will be an absolute order ... ."

¶5    In the interim, on June 2, 2025, Sarah filed a Motion for Contempt of Court alleging Mathiew had violated the social media ban and violated the placement order by attempting to deliver gifts to one of their children at her school. The circuit court heard this motion on June 11, 2025, where it found Mathiew in contempt of court for "willful and knowing disregard of court orders with respect to posting proceedings involving matters of the children."[4] It ordered Mathiew to serve 180 days in the county jail to be stayed with purge conditions: he was to remove all content from social media involving the case or his children, he was to provide a sworn affidavit to the court within 72 hours that he removed all that content, he was not to visit his children's school or any location where the

---

[3] It appears that the circuit court and parties were referring to an order dated November 27, 2024 and another dated January 30, 2025, but both orders seem to reference not discussing the case only with the children.

[4] The circuit court did not find Mathiew in contempt for going to his child's school after he testified he did not make any attempt to communicate with the child.

children would be located other than for purposes of supervised visitation, and he was to pay attorney's fees for the hearing.

¶6      Mathiew pro se appeals this order.

## DISCUSSION

¶7      Mathiew's first argument is that the contempt of court order against him stemmed from his conduct that preceded the circuit court's written social media order. He alleges that the May 29, 2025 oral ruling did not suffice to provide him notice, and that the June 11, 2025 contempt ruling should be reversed.

¶8      Contempt is "intentional … [d]isobedience, resistance or obstruction of the authority, process or order of a court[.]" WIS. STAT. § 785.01(1)(b). This court reviews a circuit court's use of its contempt power for an erroneous exercise of discretion. *Frisch v. Henrichs*, 2007 WI 102, ¶29 n.13, 304 Wis. 2d 1, 736 N.W.2d 85. Thus, this court will uphold the circuit court's decision if it reflects a reasonable conclusion based on a logical interpretation of the facts, application of the proper legal standard, and a rational process. *Benn v. Benn*, 230 Wis. 2d 301, 308, 602 N.W.2d 65 (Ct. App. 1999). Factual findings relating to contempt will be upheld unless they are clearly erroneous. *See Kaminsky v. Milwaukee Acceptance Corp.*, 39 Wis. 2d 741, 746-47, 159 N.W.2d 643 (1968). The burden is on the potential contemnor to explain his failure to comply with a court order. *See id.* at 747.

¶9      Mathiew claims that the oral ruling pertained only to the dissemination of material online regarding his children, and that later the written order expanded the ban to any information concerning the case. Mathiew's claim fails. Mathiew testified at the June 11, 2025 contempt hearing that he posted a

4

video recording that included an audio recording from the May 29, 2025 hearing of the GAL sharing her recommendations concerning whether the placement order should be modified. The video recording clearly pertained to the children and was posted after the court orally ordered that neither party was to post anything about the children on social media.

¶10 Accordingly, this court concludes that the circuit court did not erroneously exercise its discretion by issuing a contempt of court ruling against Mathiew for his conduct.[5]

¶11 Mathiew next makes claims without developing coherent arguments that apply relevant legal authority to the facts of Record, and instead relies largely on conclusory assertions. He claims the circuit court's order banning him from posting "any information concerning th[e] case" is overbroad and violates his First Amendment right to free speech. *See* U.S. CONST. amend. I. He also claims that the purge condition that bans his visiting any location where his children are present but for when he has supervised visitation is an erroneous exercise of the court's discretion. "A party must do more than simply toss a bunch of concepts into the air with the hope that either the [appellate] court or the opposing party will

---

[5] Mathiew claims that the circuit court erroneously imposed a jail term when it was a remedial, not punitive, contempt of court finding. He is mistaken. WISCONSIN STAT. § 785.04(1)(b) authorizes the sanction of imprisonment for remedial contempt of court where there is "[d]isobedience, resistance or obstruction of the authority, process or order of a court[.]" WIS. STAT. § 785.01(1)(b). "The imprisonment may extend only so long as the person is committing the contempt of court or 6 months, whichever is the shorter period." Sec.785.04(1)(b).

arrange them into viable and fact-supported legal theories."[6] *State v. Jackson*, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999).

¶12     Consequently, this court need not consider arguments that either are unsupported by adequate factual and legal citations or are otherwise undeveloped. *See* ***Dieck v. Unified Sch. Dist. of Antigo***, 157 Wis. 2d 134, 148 n.9, 458 N.W.2d 565 (Ct. App. 1990) (unsupported factual assertions); ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (undeveloped legal arguments). While this court makes some allowances for the failings of parties, who, as here, are not represented by counsel, this court "cannot serve as both advocate and judge," ***Pettit***, 171 Wis. 2d at 647, and will not scour the Record to develop arguments for an appellant. ***Jackson***, 229 Wis. 2d at 337.

¶13     With respect to the remaining issues, Mathiew's brief fails to state coherent arguments supported by applicable legal authority.  The brief also lacks citations to the relevant portions of the Record.  Therefore, this court affirms the circuit court on the basis that Mathiew has failed to develop his second and remaining arguments legally or to support them factually.

> *By the Court.*—Order affirmed.

> This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[6] Any arguments that this court does not explicitly address are deemed denied. *See* ***Libertarian Party of Wisconsin v. State***, 199 Wis. 2d 790, 801, 546 N.W.2d 424 (1996) (an appellate court need not discuss arguments that "lack sufficient merit to warrant individual attention.").